IN THE UNITED STATSE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Valley Forge Insurance Company, | ) | |
| | ) | Case No.:  1:14cv792 |
| Plaintiff | ) | |
| | ) | Judge Michael R. Barrett |
| v. | ) | |
| | ) | **JOINT DISCOVERY PLAN** |
| Fisher Klosterman, Inc., | ) | (RULE 26(f) REPORT) |
| | ) | (REQUIRED FORM) |
| Defendant. | ) | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order.  The parties conducted their discovery conference on January 27, 2015..

**A.     MAGISTRATE CONSENT**

The Parties:

☐     unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

X☐     do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).[1]

☐     unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

---

[1] Fisher Klosterman, Inc. consents to the jurisdiction of the United States Magistrate Judge.  Valley Forge does not.

B. **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

X☐ The parties will exchange such disclosures by _____

Valley Forge proposes that the parties exchange Rule 26(a)(1) disclosures 14 days after the pleadings have closed based on the fact that, until the pleadings close, it is unclear as to what is at issue in the case.

Fisher Klosterman proposes that the parties exchange initial disclosures 14 days after the Rule 26(f) conference as required by the Federal Rules. As such, the deadline for exchanging initial disclosures, consistent with the Rules, is February 10, 2015.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are not to be filed with the Court.

C. **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

Plaintiff Valley Forge intends to file a motion for summary judgment on the legal issue of the duty to defend; the duty to indemnify; and reimbursement of defense costs based on implied contract in fact in the very near future. A ruling on the anticipated motion may eliminate the need for any discovery in this matter thereby conserving the time and resources of the parties and this Court. Based of this fact, Valley Forge proposes that discovery in the case be deferred until after resolution of Valley Forge's dispositive motion.

Fisher Klosterman's position is that discovery is needed related to matters including Valley Forge's interpretation of the terms and conditions of the insurance policy that it sold to Fisher Klosterman, Valley Forge's internal guidelines explaining Valley Forge's duty to defend, Valley Forge's promise to defend Fisher Klosterman in the underlying action and conditions, if any, that Valley Forge purports to have imposed on that defense. Discovery is also needed relative to Valley Forge's control of the defense of the underlying action as well as its involvement in settlement negotiations and input in the terms and conditions of the settlement reached in the underlying action.

2. The parties recommend that discovery

☐ need not be bifurcated

☐ should be bifurcated between liability and damages

   ☐ should be bifurcated between factual and expert

   ☐ should be limited in some fashion or focused upon particular issues which relate to _____

<u>Valley Forge's position, as set forth above in C.1. is that discovery should be deferred until the resolution of Valley Forge's anticipated summary judgment motion. To the extent the Court does not phase this case, Valley Forge believes that discovery should be bifurcated between factual and expert discovery. Valley Forge further asserts that the party which has the burden of proof on an issue is that party which first must disclose experts and that such disclosure does not hinge on which party is "Plaintiff" and which party is "Defendant."</u>

<u>Fisher Klosterman's position is that discovery need not be bifurcated or delayed as described by Valley Forge. It is Fisher Klosterman's position that fact discovery should be completed by December 15, 2015 and expert discovery completed 30 days thereafter.</u>

3. Disclosure and report of Plaintiff(s) expert(s) by _____

4. Disclosure and report of Defendant(s) expert(s) by _____

5. Disclosure and report of rebuttal expert(s) by _____

6. Disclosure of non-expert (fact) witnesses _____

7. Discovery cutoff <u>Fisher Klosterman proposes a discovery cutoff of January 15, 2016.</u>

The parties were not able to reach an agreement on the timing of expert disclosures.

8. Anticipated discovery problems

   X Based upon discussions with and correspondence from counsel for Valley Forge, Fisher Klosterman anticipates that Valley Forge intends to violate the confidentiality provisions in the settlement agreement reached in the underlying action. Valley Forge received a copy of that agreement because, at that time, it was defending Fisher Klosterman in the underlying action and had the same obligations to maintain confidentiality of that agreement as Fisher Klosterman. Fisher Klosterman also anticipates that Valley Forge will refuse to maintain confidential proprietary information pertaining to Fisher Klosterman's business and products.

In response to Fisher Klosterman's statement set forth immediately above, Fisher Klosterman mis-state's Valley Forge's position.

☐    None

**D.**    **LIMITATIONS ON DISCOVERY**

    1.    Changes in the limitations on discovery

    ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

    ☐    Extension of number of depositions (currently 10) permitted to _____.

    ☐    Extension of number of interrogatories (currently 25) to _____.

    X☐    Other:    See Section C. 1 above as to Valley Forge's position that discovery should be deferred until resolution of the legal issue relating to the duty to defend. If this Court does not phase this case and defer discovery, based on the allegations in the complaint and the issues Fisher Klosterman intends to raise, Valley Forge has identified no less than twenty individuals which will need to be deposed as fact witnesses in the case.  Accordingly, if discovery is not deferred, Valley Forge requests the number of depositions be increased to 20.

    X☐    None  Fisher Klosterman's position is that there should be no changes in the limitations of discovery.

**E.**    **PROTECTIVE ORDER**

    X☐    A protective order will likely be submitted to the Court on or before by Fisher Klosterman on or before March 1, 2015.  Valley Forge's position that, as of this date, it does not foresee a need for a protective order in this case.

    ☐    The parties currently do not anticipate the need for a protective order.  If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court.  Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996).

**F.**    **SETTLEMENT**

A settlement demand ☐ has    **X**☐ has not been made.

A response ☐ has    ☐ has not been made.

A demand can be made by Valley Forge on or before February 10, 2015

A response can be made by Fisher Klosterman on or before <u>February 25, 2015</u>

G. **<u>MOTION DEADLINES</u>**

1. Motion to amend the pleadings and/or add parties by <u>August 1, 2015</u>

2. Motions relative to the pleadings by <u>21 days after the pleadings close or 30 days after the Court grants any motion to amend and/or add parties</u>

3. Dispositive motions by <u>    30 days after the close of all discovery, including expert discovery</u>

H. **<u>OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION</u>**

<u>As noted above, Valley Forge intends to file a summary judgment motion on the duty to defend, duty to indemnify and reimbursement of defense costs.  In its motion, Valley Forge intends to cite to and attach the settlement agreement between Fisher Klosterman and Valero.  It is Valley Forge's position that although the Settlement Agreement contains a confidentiality provision, Valley Forge's position is that Fisher Klosterman has waived the confidentiality provision in the Agreement because it has placed the agreement at issue by seeking reimbursement from Valley Forge of the settlement amount.   See Covington v. Saffold, 779 N.E.2d 838 (Ohio App. 2002) (under "subject-matter waiver doctrine," a privilege is impliedly waived if (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to the defense.)  Prior to filing its summary judgment motion, Valley Forge has provided written notice to Fisher Klosterman that it intended to cite to the Settlement Agreement in its summary judgment motion.</u>

<u>Fisher Klosterman has orally stated that it does not agree with Valley Forge's position, advised Valley Forge that Covington v. Saffold is not applicable and does not support Valley Forge's position, and also advised Valley Forge that it opposes Valley Forge's attempt to disclose all terms and conditions of the confidential settlement agreement in a public filing and without regard to the confidential nature of the document.  Fisher Klosterman has advised Valley Forge that it intends to respond formally and in writing, to Valley Forge's January 23, 2015 correspondence on that issue before the Court conference on February 3, 2015.</u>

<u>The parties would like to discuss with the Court how to best address the issue of the confidential nature of the settlement agreement between Fisher Klosterman and Valero.. Fisher Klosterman also would like to discuss the confidential nature of proprietary information that may be the subject of discovery sought by Valley Forge.</u>

Signatures:     ***/s/Thomas B. Bruns***             ***/s/Matthew A. Rich***
                        Attorney for Plaintiff                 Attorney for Defendant