UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE ) <br> COMPANY, a Pennsylvania Corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FISHER KLOSTERMAN, INC., a Delaware ) <br> Corporation ) <br> ) <br> Defendant. ) | Civil Action No.: 1:14-cv-792- MRB <br><br> Judge Michael R. Barrett |

**PROTECTIVE ORDER**

**I.    INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26(c)(1), the provisions of this Protective Order are as follows:

**II.    SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets; non-public research and development; commercial or financial information; communications regarding the defense and settlement of the Valero Suit; information as to business operations and contracts which contain proprietary commercial or financial information; and proprietary development of contracts with other entities, the disclosure of which might adversely affect the Designating Party's competitive position in its business operations or other interests outside the scope of this action, and/or its interests with respect to the underlying action.

A.    <u>Scope</u>:    This Order governs the production and handling of any protected information in this action.  Any party or non-party who produces protected information in this

action may designate it as "Confidential" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

      B.      <u>Application to Non-Parties</u>: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

      C.      <u>Timing and Provisional Protection:</u> Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional

period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

      D.    <u>Manner of Designation:</u>  Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image.

## III. CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## IV. LIMITED ACCESS/USE OF PROTECTED INFORMATION

      A.    <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any

appeal of this action, and or any reinsurance matter relating to the underlying claims which are the subject of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena.  Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

     B.    <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

        1.    outside counsel employed by the Receiving Party to assist in the Proceeding; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with this action;

        2.    such officers and employees of the Receiving Party, including in-house counsel, as outside counsel for that party deems necessary in connection with this action;

        3.    any outside consultant, investigator or expert who is assisting counsel or a party to the proceeding and to whom it is necessary to disclose Confidential Information

for the purpose of assisting in, or consulting with respect to, the preparation of this action;

   4. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this action;

   5. stenographic employees and court reporters recording or transcribing testimony relating to this action;

   6. Deponents, including their counsel, in this action;

   7. Any person who a party's attorney believes may be called to give testimony at any stage of this action on matters relating to Confidential Information (provided, however, that all documents and copies thereof shall be returned by the potential witness and/or his or her attorney to the party or its attorney upon final resolution of this action);

   8. Any person necessary to authenticate or establish an evidentiary basis or foundation for admissibility of any document designated as Confidential Information; and

   9. Any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any party or its counsel is contractually or legally obligated to make such disclosure to the extent necessary for this action or any other reinsurance matters relating to the underlying claims which are the subject of this action.

  C. <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or

is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## V.     CLAW-BACK REQUESTS

A.     <u>Failure to Make Designation:</u>  If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).  The Receiving Party may then request substitute production of the newly-designated information.  Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.     <u>Inadvertent Production of Privileged Information:</u>  If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the producing party

must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

## VI. DURATION/CONTINUED RESTRICTIONS

A. <u>Handling of Designated Information Upon Conclusion of Action:</u> Upon the conclusion of this action, including any appeals related thereto and at the written request and option of the Designating Party, all Confidential Information and any and all copies thereof shall be returned within sixty (60) calendar days to the Designating Party. In the alternative, the Receiving Party may certify that all copies of such materials shall remain confidential until the time of their destruction.

B. <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VII. CONFIDENTIAL MATERIAL FILED WITH OR INTRODUCED IN COURT.

In the event that any Receiving Party files or submits to the Court any pleading or other paper containing or disclosing Confidential Material, or introduces Confidential Material in evidence at trial or at any hearing in this action, then the Receiving Party shall file any such pleading or other paper under seal pursuant to S.D. Ohio Civ. R. 79.3.

**BY THE COURT:**

Dated: 2/19/2015

s/ Michael R. Barrett
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE ) | |
| COMPANY, a Pennsylvania Corporation ) | |
| ) | Civil Action No.: 1:14-cv-792- MRB |
| Plaintiff, ) | |
| ) | Judge Michael R. Barrett |
| vs. ) | |
| ) | |
| FISHER KLOSTERMAN, INC., a Delaware ) | |
| Corporation ) | |
| ) | |
| Defendant. ) | |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the Stipulated Protective Order" in this matter ("Protective Order").  The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Dated:_____

_____
Name