UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| -v- | ) ) Civ. Action No. 1:14-cv-00792-MRB ) |
| FISHER KLOSTERMAN, INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT FISHER KLOSTERMAN, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO VALLEY FORGE'S MOTION TO STRIKE PORTIONS OF PRAJZNER AFFIDAVIT FILED IN SUPPORT OF FISHER KLOSTERMAN, INC.'S OPPOSITION TO VALLEY FORGE'S MOTION FOR SUMMARY JUDGMENT AND FKI'S CROSS-MOTION FOR SUMMARY JUDGMENT ON THE DUTY TO DEFEND**

Defendant Fisher Klosterman, Inc. ("FKI") submits this brief in opposition to Plaintiff Valley Forge Insurance Company's ("Valley Forge") Motion to Strike Portions of Prajzner Affidavit Filed in Support of Fisher Klosterman, Inc.'s Opposition to Valley Forge's Motion for Summary Judgment and FKI's Cross-Motion for Summary Judgment on the Duty to Defend ("Motion to Strike").

Like its summary judgment motion, Valley Forge's Motion to Strike is a hastily-filed and vastly over-simplified presentation of the law and the facts of this case. Valley Forge argues that Mr. Prajzner cannot testify to facts that occurred prior to his joining CECO Environmental Corp. ("CECO"), but Valley Forge ignores Sixth Circuit caselaw stating that corporate officers are presumed to have personal knowledge of the acts of their corporation. Thus, as CFO of CECO, Mr. Prajzner has personal knowledge of and may testify to facts concerning the insurance claim for coverage of the Valero Suit and certain facts involving FKI's operations, particularly those that are not reasonably in dispute.

Also meritless are Valley Forge's arguments concerning purported conflicts between certain of Mr. Prajzner's statements and documents submitted by Valley Forge. Valley Forge's arguments are based on Valley Forge misconstruing the statements in the Prajzner Declaration and misinterpreting the documents Valley Forge submits. When read as a whole and in the context of the facts of this dispute, as it was intended to be read, Mr. Prajzner's statements are accurate and do not contradict any documents submitted by Valley Forge.

Valley Forge's argument that certain paragraphs in the Prajzner Declaration should be stricken because they set forth legal conclusions also should be rejected. As an officer of CECO, Mr. Prajzner is permitted to set forth FKI's legal position in his declaration. Although the determination of an entity's principal place of business is a fact-specific analysis, it is certainly FKI's legal position that FKI's principal place of business is in Louisville, Kentucky. It is also FKI's legal position that the confidential settlement agreement between FKI and Valero resolved all claims between those parties with respect to the Valero Suit. Thus, Valley Forge has no reasonable argument for striking such statements from Mr. Prajzner's declaration.

FKI maintains that the Court can rule in its favor on its cross-motion for summary judgment concerning Valley Forge's duty to defend based on a review of the insurance policies and the underlying complaints filed in the Valero Suit. However, Valley Forge's Motion to Strike further emphasizes the impropriety and prematurity of its summary judgment motion with respect to its claim for implied in fact contract and the duty to indemnify. As FKI noted in its opposition brief, the parties have conducted *zero* discovery in this action. Accordingly, there has been no opportunity to authenticate relevant documents by way of depositions or otherwise. Valley Forge should not be permitted to prematurely move for summary judgment, rely on the

testimony of its attorney in this action, who was also its attorney in the underlying Valero Suit, and take advantage of such lack of discovery in its summary judgment motion.

For all of these reasons and as set forth herein, Valley Forge's Motion to Strike should be denied in its entirety.

**I.      Relevant Facts**

On February 27, 2015, Valley Forge filed its motion for summary judgment concerning its duty to defend and duty to indemnify FKI in *Valero Refining-Texas, L.P., et al. v. Fisher Klosterman, Inc., et al.*, Cause No. 2010-52532, 127th Judicial District, Harris County, Texas ("Valero Suit"). In support of its motion, Valley Forge submitted affidavits from its attorney Kathryn Frost, who was also Valley Forge's attorney in the Valero Suit, and its claim handler Jonathan Domante.

FKI opposed Valley Forge's summary judgment motion and cross-moved for summary judgment concerning Valley Forge's duty to defend on March 30, 2015. In support of its motion, FKI submitted the declarations of its coverage counsel in this action, Darin J. McMullen, and FKI's CFO Edward J. Prajzner. In his declaration, Mr. Prajzner states that he is "CFO of CECO Environmental Corporation" and that the statements in his declaration are "set forth based on [his] own knowledge." Prajzner Decl. ¶1. Mr. Prajzner sets out FKI's corporate relationship with CECO (¶3), states that FKI is a Delaware corporation (¶5); states that FKI's principal place of business is in Louisville, Kentucky (¶4); explains the type of products that FKI manufactures and where those products are sold (¶¶6-7); explains which products are at issue in the Valero Suit and where those products were installed at Valero's refineries (¶¶8-10); states that FKI settled the Valero Suit on September 10, 2014 (¶11); explains that Valley Forge did not initially defend FKI in the Valero Suit because Admiral Insurance Company was defending FKI until spring 2013, when FKI became concerned that Admiral's appointed counsel likely had a

3

conflict of interest with FKI (¶¶11-14); and states that Valley Forge agreed to hire Jones Day after some negotiation between Valley Forge and FKI (¶15).

Valley Forge has moved to strike paragraphs 4 and 8 through 15 of the Prajzner Declaration.

## II. Argument

### A. Applicable Legal Standards

Pursuant to Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e) sets forth the procedure with regard to a party's failure to properly support or address a fact with respect to a motion for summary judgment.[1]  However, "the Court is authorized to apply Rule 56(e) with some leniency." *Ridenour v. Collins*, 692 F. Supp. 2d 827, 846 (S.D. Ohio 2009) (denying motion to strike "affidavit on account of [party's] failure strictly to comply with Fed. R. Civ. P. 56(e)" where opponent was not prejudiced by failure).  Where a party moves to strike an affidavit on the basis of Fed. R. Civ. P. 56(e), "[t]he party moving to strike has the burden of showing the inadmissibility of each statement in the affidavit." *Findlay*

---

[1] Fed. R. Civ. P. 56(e) states:

> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

4

*Indus. v. Bohanon*, No. 3:07CV1210, 2007 U.S. Dist. LEXIS 85154, at *9 (N.D. Ohio Aug. 14, 2007).

> **B.      As CFO of CECO and CECO's corporate representative, Mr. Prajzner is competent to testify to the facts in his declaration and has the requisite personal knowledge of such facts.**

Valley Forge's main argument in support of its Motion to Strike is that Mr. Prajzner cannot attest to the facts set forth in his declaration because fails to demonstrate that he is competent to testify to the facts stated in his declaration.  Valley Forge also argues that paragraphs 8-10 and 12-15 must be stricken because Mr. Prajzner cannot testify to events that occurred before he joined CECO.  Br. at 3-4.  Valley Forge's arguments fail on both counts.

As stated by the Sixth Circuit, "[c]orporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment." *AGI Realty Serv. Group v. Red Robin Int'l*, No. 94-3911, 1996 U.S. App. LEXIS 10122, at *10-11 (6th Cir. Ohio Mar. 28, 1996) (affidavit of Red Robin's vice-president was properly considered by district court in support of defendant's motion for summary judgment); *Findlay Indus.*, 2007 U.S.. Dist. LEXIS 85154 at *10 ("[A]s Corporate Director of Risks and Claims Management, Fennell is a corporate officer and she is therefore considered to have personal knowledge of the acts of Findlay.").

Personal knowledge can also be derived from review of corporate files and records.  *See Ridenour v. Collins*, 692 F. Supp. 2d 827, 846 (S.D. Ohio 2009); *MSCI 2007-IQ16 Granville Retail, LLC v. UHA Corp., LLC*, No. No. 2:11-cv-487, 2015 U.S. Dist. LEXIS 16702, at *14 (S.D. Ohio Feb. 10, 2015) ("Personal knowledge is not strictly limited to actions in which the affiant directly participated, but may be derived from reviewing the content of files and records.); *Odom Indus. v. Diversified Metal Prods.*, No. 1:12-cv-309, 2012 U.S. Dist. LEXIS 135952, at *23 (S.D. Ohio Sept. 24, 2012); *Lloyd v. Midland Funding, LLC*, No. 3:12-CV-566-

5

TAV-HBG, 2014 U.S. Dist. LEXIS 95017, at *22 (E.D. Tenn. July 14, 2014) (finding proper affidavit of corporate representative stating that testimony was based on records that are kept in the usual course of business).

As the CFO of CECO, Mr. Prajzner is presumed to have personal knowledge of CECO's acts and may testify to those facts in his declaration. Mr. Prajzner's "personal knowledge of the facts [he] recites may be inferred from [his] general job duties and the content of the statement[s]." *Findlay Indus.*, 2007 U.S.. Dist. LEXIS 85154 at *9. Mr. Prajzner is CECO's point person concerning insurance coverage in general and in particular for the Valero Suit. Thus, Mr. Prajzner is intimately familiar with the facts and documents pertaining to this coverage dispute. As CFO, Mr. Prajzner is also well-familiar with the facts of the Valero Suit and the logistics and locations of CECO's and its subsidiaries' operations. In addition, Mr. Prajzner has obtained personal knowledge of the facts set forth in his affirmation by way of his day-to-day use of CECO's files and records, including files and records concerning the Valero Suit and insurance coverage pertaining thereto. Accordingly, Mr. Prajzner has the requisite personal knowledge to testify to the facts set forth in his declaration, including those set forth in paragraphs 8-10 and 12-15.

Notably, in its brief, Valley Forge does not dispute the substance of Mr. Prajzner's assertions in the paragraphs at issue and such facts are not reasonably in dispute in this coverage action. For example, paragraphs 8 - 10 of Mr. Prajzner's declaration describe where FKI's products are installed at Valero's refineries. The veracity of these facts can be confirmed separately from Mr. Prajzner's declaration by reference to the photograph and diagram set forth in FKI's Cross-Motion Brief. *See* FKI's Cross-Motion at 7-8 (referencing photograph from U.S. Energy Information Administration and diagram from Wikipedia detailing composition of

6

FCCU).  Accordingly, even if the Court were to strike paragraphs 8-10 based on lack of personal knowledge, it may be inconsequential because the Court can still take judicial notice of these facts.  *See Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 639-640 (W.D. Tex. 2006) (taking judicial notice of information from a Wikipedia site that was "'not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'")(quoting Fed. R. Evid. 201); *see also Hart v. Pacific Rehab of Maryland, P.A.*, No. EHL-12-2608, 2013 U.S. Dist. LEXIS 130951, at *22-24 (D. Md. Sept. 13, 2013) (taking judicial notice of defendant's corporate status and corporation's ownership of trade name as documented by Maryland Department of Assessments and Taxation); *Hanks v. Wavy Broadcasting, LLC*, No. 2:11cv439, 2012 U.S. Dist. LEXIS 15729 at *9-*10 (taking judicial notice of corporate records available on the Virginia State Corporation Commission's website as a "matter of public record" to determine whether plaintiff was the president of a company for purposes of standing); *Sears v. Magnolia Plumbing, Inc.*, 778 F.Supp. 2d 80, 84 (D.C. 2011) (taking judicial notice of corporate resolutions filed with the Maryland Department of Assessments and Taxation to determine whether two corporate entities had common management).

> C. **Valley Forge Misconstrues The Statements In The Prajzner Declaration And Misinterprets "Documentary Evidence."  Valley Forge Has Not Presented Any Documentary Evidence That Contradicts The Facts Stated In The Prajzner Declaration.**

Valley Forge argues that paragraphs 4, 11 and 15 of Mr. Prajzner's declaration should be stricken because the statements therein allegedly conflict with certain documents submitted by Valley Forge in support of its summary judgment motion.  Br. at 5-9.  Valley Forge's arguments are meritless and borderline frivolous.  In an effort to argue that FKI has attempted to create sham issues of fact through statements in the Prajzner Declaration, Valley

7

Forge overtly misconstrues the statements in Mr. Prajzner's declaration and blatantly misinterprets the documentary evidence at issue.

### 1. A Corporation's "Principal Office" Is Not Equivalent To Its Principal Place Of Business.

First, Valley Forge argues that paragraph 4 of Mr. Prajzner's declaration, which states that "FKI's principal place of business is in Louisville, Kentucky," must be stricken because it conflicts with certain records filed with the Kentucky Secretary of State.  Br. at 7. Valley Forge's argument is based on a misreading of the applicable Kentucky statute defining "principal office."  Because neither Kentucky statute nor caselaw equates an entity's "principal office" with its principal place of business, Valley Forge's argument must be rejected.

Valley Forge argues that FKI's principal place of business is in Ohio because there is an Ohio address listed as FKI's "principal office" in records filed with the Kentucky Secretary of State.  *See* Frost Aff. Exs. A, C.  Ignoring the plain words of Kentucky statute it cites, Valley Forge incorrectly equates "principal office" with "principal place of business." Reply 6-7 (citing KRS § 14A.1-070).  In fact, KRS § 14A.1-070 specifically delineates between principal place of business and principal office:

> "Principal office" means the address required by this chapter or the organic act to be of record with the Secretary of State as the principal office, the principal place of business address, the designated office of a limited partnership, **or** the chief executive office of a limited liability partnership.

KRS § 14A.1-070(28) (emphasis added).  The Western District of Kentucky has also found that "[t]he term 'principal office' *does not* establish [an entity's] principal place of business." *Brown v. Banks Grocery Co.*, 2015 U.S. Dist. LEXIS 25188, at *5 (W.D. Ky. Mar. 3, 2015) (emphasis added).

Thus, Valley Forge's argument that Mr. Prajzner's statement concerning FKI's principal place of business does not conflict with the records submitted by Valley Forge. Indeed, the location of FKI's principal place of business is a fact-specific determination that involves consideration of various factors. *See Hertz Corp. v. Friend,* 559 U.S. 77, 92, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).[2]

### 2. It Is Obvious That The Settlement Agreement Between FKI And Valero Only Settled Claims Between FKI And Valero.

Valley Forge also argues that paragraph 11 of the Prajzner Declaration should be stricken because FKI misrepresents the scope of the settlement agreement between FKI and Valero and that such statement conflicts with the terms of the actual settlement agreement. Br. at 7-8. Paragraph 11 of the Prajzner Declaration states as follows:

> In order to resolve all claims asserted in *Valero Refining-Texas, L.P., et al. v. Fisher Klosterman, Inc., et al.*, Cause No. 2010-52532, 127th Judicial District, Harris County, Texas ("Valero Suit"), the plaintiffs in the Valero Suit and FKI entered into a confidential settlement agreement on September 10, 2014.

Valley Forge asserts that Mr. Prajzner's statement is misleading because it states that the settlement agreement resolved "all claims" asserted in the Valero Suit. Br. at 7-8. Because it is quite obvious that FKI could only settle claims asserted *against FKI* in the Valero Suit, it is evident that the settlement agreement did not resolve claims against parties other than FKI and Mr. Prajzner's declaration does not attempt to assert otherwise. While Mr. Prajzner's statement may have been worded more clearly to make this point, it is clear that Mr. Prajzner did not intend to suggest that the settlement agreement between FKI and Valero finally resolved *all claims* between all parties to the Valero Suit. Indeed, FKI entered into the settlement with Valero to avoid litigating Valero's appeal of the Court's summary judgment order. Declaration

---

[2] The analysis relevant to determine FKI's principal place of business is set forth in FKI's motion for leave to file a surreply brief and FKI's proposed surreply brief filed concurrently with this opposition brief.

of Darin J. McMullen, dated Mar. 30, 2015, at Ex. U.  In short, Valley Forge's assertion that paragraph 11 of Mr. Prajzner's affidavit should be stricken on this ground is an argument made up out of whole cloth and should be disregarded.

### 3. There Can Be No Dispute That Valley Forge Agreed To Retain Jones Day To Defend The Valero Suit.

Valley Forge's argument concerning paragraph 15 is similarly trivial.  Br. at 9.  Valley Forge asserts that Mr. Prajzner's statement in paragraph 15 is intended to represent that Valley Forge, not FKI, retained Jones Day to defend FKI in the Valero Suit.  First, because FKI would not gain any advantage by making such a statement, FKI would have no reason to suggest that it was *Valley Forge*, instead of FKI, who retained Jones Day.  Second, it is beyond dispute that Jones Day was retained *by FKI* such that an attorney-client relationship exists between FKI and Jones Day and not between Jones Day and Valley Forge.  (Otherwise, the retention of Jones Day would not have resolved the conflict of interest faced by FKI's prior defense counsel.)  Third, Valley Forge does not dispute that it agreed to pay and did in fact pay Jones Day to defend the Valero Suit.  For these reasons, the Court should summarily dismiss Valley Forge's frivolous argument.

### D. Valley Forge's arguments concerning legal conclusions should be rejected.

Valley Forge also contends that paragraphs 4 and 11 of Mr. Prajzner's declaration should be stricken because they assert legal conclusions.  Br. 4-5.  However, "as an officer of [CECO], Mr. [Prajzner] is permitted to set forth the company's legal position in his affidavit." *Odom Indus. v. Diversified Metal Prods.*, No. 1:12-cv-309, 2012 U.S. Dist. LEXIS 135952, at *23 (S.D. Ohio Sept. 24, 2012); *Brown v. BKW Drywall Supply, Inc.*, 305 F. Supp. 2d 814, 821-822 (S.D. Ohio 2004) (denying motion to strike statements in affidavit of corporate officer where "[a]ffidavit [was] nothing more than a restatement of BKW's positions in this lawsuit, based on

the depositions and documentary evidence available in this case"). Since FKI's legal position is that FKI's principal place of business should be determined to be in Louisville at least during the relevant policy periods, it is proper for Mr. Prajzner, as CFO of CECO, to make such statement in his declaration. *See Odom Indus.*, *supra*; *Brown*, *supra*. Moreover, Valley Forge argues that Mr. Prajzner's affidavit states a legal conclusion with respect to FKI's principal place of business (*see* ¶4), but only argues for a different - and incorrect - legal conclusion, i.e. that FKI's principal place of business is the same as its "principal office." *See* Section II.C.1 *supra*.

Finally, as set forth above in Section II.C.2, Valley Forge's arguments concerning paragraph 11 (concerning FKI's settlement agreement with Valero) are based on Valley Forge's misconstruing Mr. Prajzner's statement (Valley Forge argues, incredibly, that Mr. Prajzner intended to represent that FKI had settled all claims in the Valero Suit, including those pending against other parties). When read in the context of the facts of this case and the Valero Suit, Mr. Prajzner's declaration merely states the fact that FKI and Valero entered into a confidential settlement agreement that resolved all claims between FKI and Valero. The Court should deny Valley Forge's motion.

### III. Conclusion

For all of the reasons set forth herein, the Court should deny Valley Forge's Motion to Strike in its entirety.

Dated:   May 14, 2015

By:   */s/ Matthew A. Rich*
Matthew A. Rich, Esq. (0077995)
KATZ TELLER
255 East Fifth Street, 24th Floor
Cincinnati, Ohio  45202
Telephone: (513) 977-3475
mrich@katzteller.com

11

Darin J. McMullen, Esq.
Pamela D. Hans, Esq.
ANDERSON KILL P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (267) 216-2700
phans@andersonkill.com
dmcmullen@andersonkill.com

Carrie Maylor DiCanio, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1046
cdicanio@andersonkill.com

*Attorneys for Defendant*
*FISHER KLOSTERMAN, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2015 the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record registered to receive electronic service to:

Kathryn M. Frost
Elenius Frost & Walsh
333 South Wabash Avenue
25th Floor
Chicago, IL 60604
Email: kathryn.frost@cna.com

Thomas B. Bruns
Freund Freeze & Arnold - 1
Fourth & Walnut Centre
105 E Fourth Street
Suite 1400
Cincinnati, OH 45202-4009
Email: tbruns@ffalaw.com

　　　　　　　　　　　　　　　　　　__/s/ Matthew A. Rich_____
　　　　　　　　　　　　　　　　　　Matthew A. Rich (007995)