## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE | ) | |
| COMPANY, a Pennsylvania Corporation | ) | |
| | ) | Civil Action No.: 1:14-cv-792- MRB |
| Plaintiff, | ) | |
| | ) | Judge Michael R. Barrett |
| vs. | ) | |
| | ) | |
| FISHER KLOSTERMAN, INC., a Delaware | ) | |
| Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF VALLEY FORGE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT FISHER KLOSTERMAN INC.'S ("FKI") MOTION TO STRIKE, OR, IN THE ALTERNATIVE, OPPOSITION TO FKI'S MOTION FOR LEAVE TO FILE A SURREPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

Fisher Klosterman, Inc. ("FKI") seeks to strike two arguments set forth in Valley Forge Insurance Company's ("Valley Forge") combined Reply in Further Support of Valley Forge's Motion for Summary Judgment and Opposition to FKI's Cross-Motion for Summary Judgment on the Duty to Defend ("Valley Forge's Combined Reply and Opposition Brief"). Those arguments include 1) FKI's breach of the cooperation clause and Valley Forge's need for additional discovery regarding that defense; and 2) FKI's principal place of business. FKI claims that those arguments are improper because those issues were not raised in Valley Forge's Opening Brief in support of Valley Forge's summary judgment motion. FKI's Motion is baseless.

As to the breach of the cooperation clause argument, FKI fails to recognize that it filed a Cross-Motion for Summary Judgment on the Duty to Defend.   Valley Forge is most certainly entitled to file an opposition to such a motion and include arguments not contained in its own summary judgment motion to defeat FKI's cross-motion.  Valley Forge's Combined Reply and Opposition Brief makes it perfectly clear that its argument relating to the breach of the cooperation clause, including its request for additional discovery on the issue, was in opposition to FKI's Cross-Motion.  Such argument is proper under the Rules.

As to FKI's principal place of business argument, Valley Forge set forth its position and evidence supporting its position in its opening memorandum in support of its Motion for Summary Judgment.  FKI addressed that argument in its Opposition to Valley Forge's Motion for Summary Judgment and Cross-Motion on the Duty to Defend ("FKI's Combined Opposition and Cross-Motion").  Simply because FKI relied on faulty evidence (which it now admits is a legal conclusion) to support its position does not mean that Valley Forge's response to FKI's arguments are not proper.  An argument set forth in a reply brief which specifically addresses an argument advanced in the opposition brief is proper.

Further, FKI's request, in the alternative, to file a sur-reply brief should be denied.  FKI fails to demonstrate any "good cause" for filing such a brief.  Under the Rules, FKI had every opportunity to timely file a reply brief to support its Cross-Motion on the Duty to Defend.  FKI opted not to file a reply brief.  Instead, it strategically chose to try to strike outright Valley Forge's arguments through the filing of this Motion.  FKI should not be rewarded for such gamesmanship.  FKI failed to file a timely reply brief and fails to demonstrate any "good cause" to allow FKI to file a sur-reply brief.  In the alternative, if this Court allows FKI to file its sur-reply brief, Valley Forge requests leave to file a sur-sur-reply to address new arguments and

evidence presented in FKI's sur-reply brief, including FKI's new arguments and evidence regarding FKI's principal place of business.

## II. VALLEY FORGE HAD THE RIGHT TO FILE AN OPPOSITION TO FKI'S CROSS-MOTION FOR SUMMARY JUDGMENT

FKI claims that Valley Forge's argument concerning FKI's breach of the cooperation clause set forth in Valley Forge's Combined Reply and Opposition Brief must be stricken because that argument was not included in Valley Forge's opening summary judgment motion. (FKI's Motion, pp. 3-4.) FKI is wrong. Valley Forge had every right under the Rules to file an opposition to FKI's Cross-Motion for Summary Judgment on the Duty to Defend.

On February 27, 2015, Valley Forge filed its Motion for Summary Judgment on the Duty to Defend, Duty To Indemnify and Reimbursement Of Defense Costs Based on An Implied Contract In Fact. (Doc. # 28.) On March 30, 2015, FKI filed its Opposition to Valley Forge's Motion and crossed moved only on the duty to defend. (Doc. # 30.) In its Combined Opposition and Cross-Motion, FKI requested affirmative relief asking this Court to "find that Valley Forge indeed has a duty to defend the Valero Suit." (*Id*. at p. 5.)

FKI cited in its Combined Opposition and Cross-Motion the applicable standards regarding cross-motions for summary judgment, quoting *B.F. Goodrich Co. v. United States Filter Corp*., 245 F.3d 587, 592 (6th Cir. 2001) ("[o]n cross-motions for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.") (*Id*. at p. 16.)

Under both the Federal Rules of Civil Procedure and the Rules of the Southern District of Ohio, a party has the right to file an opposition to a Motion for Summary Judgment. *See* Fed.R.Civ.P. 56; S.D. Ohio Civ. R. 7.2(a)(2). Here, Valley Forge opted to file a Combined Reply and Opposition Brief rather than file a separate Reply Brief and a substantially duplicative

separate Opposition to FKI's Cross-Motion on the Duty to Defend. (Doc. # 38.) In its Combined Reply and Opposition Brief, Valley Forge highlighted which arguments pertained solely to FKI's Cross-Motion.

Valley Forge specifically stated in its Preliminary Statement on Page 1 of its Brief, that its brief was a combined brief and that "[f]or its opposition to FKI's Cross-Motion, Valley Forge incorporates herein the facts and arguments set forth in its opening brief and the arguments set forth in this Reply as to the duty to defend issue." (*Id*. at p. 1.)

As to the breach of the cooperation clause, the argument FKI seeks to strike, Valley Forge specifically informed this Court that Valley Forge was asserting the argument in Opposition to FKI's Cross-Motion. Valley Forge specifically stated:

> To the extent this Court finds that Valero's alleged damages claimed against FKI potentially fall within coverage, Valley Forge requests that this Court deny or defer FKI's Cross-Motion on the Duty to Defend until after discovery has been completed by Valley Forge. Valley Forge needs additional discovery to allow it to present all facts demonstrating that FKI breached its duty to cooperate, thereby nullifying Valley Forge's obligations under the policies.

(*Id*. at p. 20.) Valley Forge's argument was advanced in opposition to FKI's Motion for Cross-Motion on the Duty to Defend and was completely proper.

## III. VALLEY FORGE'S ARGUMENT RELATING TO FKI'S PRINCIPAL PLACE OF BUSINESS WAS PROPERLY RAISED IN VALLEY FORGE'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO FKI'S CROSS-MOTION

FKI seeks to strike Valley Forge's argument relating to FKI's principal place of business from Valley Forge's Combined Reply and Opposition Brief claiming that the issue was not "properly and fully raised" in Valley Forge's Opening Brief. (FKI's Motion, p. 5.) FKI is wrong.

As FKI acknowledges, Valley Forge 1) specifically argued that in its Opening Brief that Ohio law applies to the issues in this case; 2) asserted that both CECO's and FKI's principal place of business are in Ohio; and 3) attached CECO's 10-K and FKI's Application for Certificate of Authority and Statements of Change of Principal Office filed with the Kentucky Secretary of State in support of its argument.  (FKI's Motion, p. 3, n. 2.)

In response, FKI fully addressed FKI's principal place of business in its Combined Opposition and Cross-Motion.  (Doc. # 30, pp.  4, 24.)  In fact, FKI specifically stated:  "[i]n arguing that Ohio law should apply to the claims in this action, Valley Forge incorrectly states that FKI's principal place of business is in Ohio (VF Br. N. 5), but it is Kentucky."  (*Id.*, p. 4.) FKI cites to Edward Prajzner's affidavit in support of its statement.  (*Id.*)  FKI repeats its claim and relies on Prajzner's affidavit on page 24 of its Combined Opposition and Cross-Motion.  (*Id.* at 24.)  Although FKI knew the documentary evidence Valley Forge was relying on to support its position, FKI chose not to address that evidence but instead, relied on Prajzner's affidavit.  But Prajzner's affidavit is wrong.  (*See* Doc # 39, pp. 5-7.)

In response to FKI's specific arguments on FKI's principal place of business, Valley Forge elaborated on the Kentucky business statutes which defines the "Principal Office" of a corporation as the corporation's principal place of business.  (Valley Forge's Combined Reply and Opposition Brief, pp. 6-7.)  Those business statutes are specifically referenced on the face of the exhibits Valley Forge submitted in its Opening Brief.

Simply because FKI failed to address the evidence cited by Valley Forge and attached to Valley Forge's Combined Opposition and Cross-Motion does not form a basis to strike Valley Forge's specific response to FKI's arguments.  Moreover, Valley Forge had every right to raise

this argument in Opposition to FKI's Cross-Motion for Summary Judgment on the Duty to Defend. *See* Fed.R.Civ.P. 56; S.D. Ohio Civ. R. 7.2(a)(2).

## IV.     NO "GOOD CAUSE" HAS BEEN SHOWN TO ALLOW FKI TO FILE A SUR-REPLY BRIEF

This Court's rules explicitly state that any memorandum in opposition to a motion must be filed 21 days after service of the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). The Rule further states that any reply memorandum shall be filed within 14 days after the service of the memorandum in opposition. *Id*. The Rule further states "[n]o additional memorandum beyond those enumerated are permitted except upon leave of court for good cause shown." *Id*. Although the Rules do not define "good cause," "this Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." *Hechter v. Nationwide Fire insurance Co.*, No. 2:14-cv-2720; 20015 WL 1757542 (April 17, 2015, S.D.Ohio.)

FKI fails to demonstrate any "good cause" to file a sur-reply brief. As set forth above, in response to FKI's Cross-Motion for Summary Judgment on the Duty to Defend, Valley Forge argued that, to the extent this Court finds that Valero's alleged damages claimed against FKI potentially fall within coverage, Valley Forge requested that this Court deny or defer FKI's Cross-Motion on the Duty to Defend until after discovery has been completed by Valley Forge.

Under the Rules, FKI had every opportunity to file a Reply in further support of its Cross-Motion. In particular, FKI had 14 days to serve a Reply brief which would be limited to the issues on the Duty to Defend, the issue on which FKI cross-moved. *See* S.D. Ohio Civ. R. 7.2(a)(2). FKI did not file any Reply brief in the time allotted by the Rules.

Instead, FKI opted to file this Motion seeking to strike Valley Forge's argument in its entirety. FKI's strategic tact to seek to strike Valley Forge's argument instead of responding to

the argument in a Reply should not be considered "good cause" to allow FKI another bite of the apple.

FKI further has not shown good cause to file a sur-reply responding to Valley Forge's principal place of business argument.  As FKI fully acknowledges, Valley Forge raised this argument in its Opening Brief.  (FKI's Motion, p. 3, n. 2.)  Rather than respond to the argument and the evidence cited in support thereof, FKI rolled the dice and relied solely on Prajzner's affidavit.  However, Prajzner's affidavit is not based on his personal knowledge, is wrong and conflicts with the documentary evidence.  Simply because FKI now regrets its argument on the principal place of business issue is not "good cause" to allow FKI a mulligan.

No "good cause" has been demonstrated to warrant a sur-reply brief.  FKI's conscious decision to roll the dice in an attempt to strike outright Valley Forge's arguments is not "good cause" which allows FKI a "do over."

To the extent this Court allows FKI to file its sur-reply brief, Valley Forge requests leave to file a sur-sur-reply brief to respond to FKI's new arguments, including FKI's new argument as to FKI's principal place of business.  *See Seay v. Tennessee Valley Auth.,* 339 F.3d 454, 482 (6th Cir.2003).

## V.    CONCLUSION

For the reasons set forth above, Valley Forge respectfully requests that this Court deny FKI's Motion to Strike the two arguments contained in Valley Forge's Combined Reply and Opposition Brief which are subject to FKI's Motion.  Valley Forge further requests that this Court deny FKI's alternative relief because no "good cause" has been shown warranting the filing of a sur-reply brief.  To the extent this Court allows FKI to file its sur-reply brief, Valley

Forge requests leave to file a sur-sur-reply brief to respond to FKI's new arguments and evidence.

Dated:          May 28, 2015

                                        Respectfully submitted,


                                        */s/Thomas B. Bruns*_____
                                        Thomas B. Bruns (0051212)
                                        FREUND, FREEZE & ARNOLD
                                        Fourth & Walnut Centre
                                        105 East Fourth Street, Suite 1400
                                        Cincinnati, OH 45202-4035
                                        Phone: 513-665-3500
                                        Fax: 513-618-3503
                                        E-Mail:  tbruns@ffalaw.com

                                        and

                                        Kathryn M. Frost (admitted *pro hac vice*)
                                        ELENIUS FROST & WALSH
                                        333 South Wabash Avenue, 25th Floor
                                        Chicago, IL 60604
                                        Telephone:  312-822-2659
                                        Fax:  312-817-2486
                                        E-Mail:  Kathryn.Frost@cna.com

                                        **ATTORNEYS FOR VALLEY FORGE
                                        INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2015, I electronically filed Plaintiff Valley Forge Insurance Company's Opposition To Defendant Fisher Klosterman, Inc's Motion To Strike, Or In The Alternative, Opposition To FKI's Motion For Leave To File A Surreply Brief In Support Of Its Opposition To Plaintiff's Motion For Summary Judgment And In Further Support Of Defendant's Cross-Motion For Summary Judgment by using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/Thomas B. Bruns*
Thomas B. Bruns (0051212)