UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| -v- | ) Civ. Action No. 1:14-cv-00792-MRB ) |
| FISHER KLOSTERMAN, INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT FISHER KLOSTERMAN, INC.'S REPLY MEMORADUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

FKI respectfully submits this reply brief in further support of its motion to strike new arguments asserted in Valley Forge's reply brief in support of its motion for summary judgment and in opposition to FKI's cross-motion for summary judgment concerning Valley Forge's duty to defend, or in the alternative, for leave to file a surreply brief ("Motion").[1]

## INTRODUCTION

Permitting a litigant to assert new arguments and evidence in a reply brief deprives its opponent of the notice and opportunity to respond required by the Federal Rules. *See* Fed. R. Civ. P. 56(c); *Seay v. Tenn. Valley Auth.*, 339 F. 3d 454, 482 (6th Cir. 2003). Valley Forge raises two new arguments in its brief submitted in support of its motion for summary judgment and in opposition to FKI's cross-motion for summary judgment on the duty to defend. These arguments concern whether FKI's "principal office" is effectively FKI's principal place of

---

[1] Capitalized terms used herein shall have the same meaning as that set forth in FKI's opening brief in support of the Motion, dated May 14, 2015. Dkt. #43. A copy of FKI's proposed surreply brief was submitted as Exhibit 1 to FKI's opening brief.

business for purposes of a choice of law analysis (it is not) and whether FKI breached its duty to cooperate thereby vitiating coverage for the Valero Suit (it did not). Valley Forge's opening summary judgment brief did not address these issues at all, or in the case of Valley Forge's "principal office" argument, did not address them in any substantive way. Thus, binding Sixth Circuit precedent requires that these arguments be stricken from Valley Forge's brief or that FKI be granted leave to submit a surreply brief to respond to them.

Moreover, since Valley Forge asserts that FKI had the right to file a reply brief in support of its cross-motion (Opp. Br. at 2), Valley Forge should take no issue with the Court granting FKI leave to file its proposed surreply as doing so would entitle FKI to no greater rights than if FKI had filed a reply brief in support of its cross-motion in the first place.[2]

## ARGUMENT

### I. It Is Within the Court's Discretion To Strike New Arguments And Evidence Raised In Valley Forge's Reply Brief.

It is well-established in the Sixth Circuit that the Court has discretion to strike new arguments raised for the first time in a reply brief or permit a party to respond to new arguments raised, particularly when such arguments rely on new evidence. *See, e.g.*, *Seay v. Tenn. Valley Auth.*, 339 F. 3d 454, 482 (6th Cir. 2003) (district court abused its discretion by failing to strike new evidence submitted in reply brief); *Eng'g & Mfg. Servs., LLC v. Ashton*, 387

---

[2] Valley Forge argues that FKI had the right to file a reply in support of its cross-motion but strategically chose not to file a reply so that it could move to strike from Valley Forge's reply brief the two arguments at issue. Opp. Br. at 6-7. FKI did not submit a reply brief in support of its cross-motion because the Local Rules do not address the filing of replies in support of cross-motions and Local Rule 7.2(a)(2) prohibits the filing of any briefs beyond those enumerated therein. *Compare* S.D. Ohio Civ. R. 7.2(a)(2) ("No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown.") *with* W.D.N.Y. Civ. R. 7(b)(2)(A) ("If the party opposing the original motion files a cross-motion, the moving party shall have twenty-eight days after service of the cross-motion to file and serve responding papers in opposition to the cross-motion, and the party filing the cross-motion shall have fourteen days after service of the responding papers to file and serve reply papers in support of the cross-motion."). To the extent the Court disagrees with FKI's conclusion, the Court should permit FKI to file its proposed surreply brief as a reply brief in further support of its cross-motion. *See* Fed. R. Civ. P. 56(e) and Committee Notes on Rules—2010 Amendment, Comment to Subdivision (e) ("Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many circumstances this opportunity will be the court's preferred first step.").

2

Fed. Appx. 575, 583 (6th Cir. 2010) (district court abused discretion when it denied motion for leave to file a sur-reply brief in opposition to a summary judgment motion); *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986) (refusing to consider argument raised for the first time in appellate reply brief). Valley Forge cites no caselaw refuting this point. *See generally* Opp. Br.

"The reason for this rule is clear: 'It is impermissible to mention an issue for the first time in a reply brief, because the [opponent] then has no opportunity to respond.'" *Wright*, 794 F.2d at 1156 (citation omitted). *See also Seay*, 339 F. 3d 454, 481-482 ("It is only logical that the purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment, and require a district court to allow the nonmoving party an opportunity to respond. This is particularly true when the district court relies on the new evidentiary submissions."); *Bender v. Comm'r of Soc. Sec.*, No. 11-CV-1546, 2012 U.S. Dist. LEXIS 128114, at *25 (N.D. Ohio Aug. 17, 2012) (citation omitted) ("[T]he plaintiff cannot wait until its reply brief to assert new arguments because such a practice would effectively deprive the defendant of the opportunity to expose weaknesses in the plaintiff's arguments."); *Ihenacho v. Green Tokai Co. Ltd.*, No. 3:08CV390, 2010 U.S. Dist. LEXIS 57377, at *1 n.1 (S.D. Ohio June 10, 2010)("A party may not, however, submit new arguments in a summary judgment reply brief, since the adverse party must have a reasonable opportunity to respond to a moving party's summary judgment arguments.").

It is clear that Sixth Circuit precedent prohibits Valley Forge from raising arguments concerning FKI's "principal office" in its reply brief unless FKI is provided the opportunity to respond to such arguments. Valley Forge asserts that it may set forth arguments concerning FKI's "principal office" in its reply brief because it raised the issue of FKI's

3

principal place of business in its opening summary judgment brief. Opp. Br. at 2, 4-6. But FKI only addressed the principal place of business issue in a single, conclusory sentence in a footnote of its opening brief and did not even once mention the term "principal office" *anywhere* in that brief.[3] The cursory manner in which Valley Forge treats this argument does not sufficiently put FKI on notice of the basis for Valley Forge's arguments concerning FKI's principal place of business. More importantly, *all* of the records Valley Forge relies upon in support of its argument concerning FKI's "principal office" in its reply were newly submitted with Valley Forge's reply brief. Valley Forge Reply Br. at 7 (citing Second Aff. of Kathryn M. Frost in Support of Valley Forge Insurance Company's Motion for Summary Judgment and in Opposition to FKI's Cross-Motion for Summary Judgment on the Duty to Defend, dated Apr. 20, 2015, at Tab 1, which purports to be copies of FKI's Annual Reports filed annually with the Kentucky Secretary of State from 2009-2014). If this new argument and evidence are not stricken, summary judgment will be decided without FKI having had the opportunity to respond, a result that is untenable under binding Sixth Circuit precedent.

With regard to the duty to cooperate, Valley Forge argues that it is proper for such argument to be raised for the first time in its reply brief because it is in response to FKI's cross-motion.[4] Opp. Br. at 4. This is a distinction without a difference. If the Court allows Valley Forge's arguments to stand without granting FKI leave submit a surreply, it would plainly violate *Seay*'s proscription on granting summary judgment without allowing a party a full and fair

---

[3] As set forth in note 2 in FKI's opening brief in support of the instant motion, Valley Forge states in note 5 on page 12 of its summary judgment opening brief: "Both CECO's and FKI's principal place of businesses are in Ohio." (citing Affidavit of Kathryn M. Frost in Support of Valley Forge Insurance Company's Motion for Summary Judgment, dated Feb. 11, 2014 ("February Frost Aff.") at Tabs 22 and 23). Tab 22 to the February Frost Aff. is an excerpt from CECO's 10-K for the fiscal year ended December 31, 2013. Tab 23 is an Application for Certificate of Authority for FKI Acquisition Corp., dated February 21, 2008, and two Statements of Change of Principal Office Address, dated June 14, 2011 and May 5, 2013.

[4] FKI's reason for not filing a reply in support of its cross-motion is set forth in note 2 *supra*.

opportunity to respond to all arguments raised. For this reason, Valley Forge's argument concerning the duty to cooperate also should be stricken.

## II. FKI Has Demonstrated "Good Cause" for the Court to Grant It Leave to File a Surreply.

Valley Forge argues that FKI fails to demonstrate the "good cause" to file a surreply brief required by Local Rule 7.2(a)(2) because (1) Valley Forge raised the arguments at issue in its opening summary judgment brief and (2) FKI strategically chose not to file a reply in support of it cross-motion and to file a motion to strike instead. Opp. Br. at 6-7.

Valley Forge's first argument should be rejected outright. "This Court has routinely found good cause exists to permit a party to file a sur-reply to address an issue raised for the first time in a reply brief." *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-581 (S.D. Ohio 2010)(citations omitted). As set forth in Section I *supra*, Valley Forge did not set forth any arguments concerning FKI's "principal office" in its opening summary judgment brief and even if Valley Forge's argument concerning the duty to cooperate is raised in opposition to FKI's cross-motion, as the movant, FKI still should be permitted to respond to such argument. The parties should be permitted an opportunity to fully brief all arguments submitted to the Court before a decision is issued. Accordingly, there is "good cause" for the Court to grant FKI leave to file a surreply brief.

With regard to Valley Forge's second argument, Valley Forge is well-aware of FKI's position concerning the filing of a reply in support of its cross-motion. *See* note 2 *supra*. FKI communicated its position to Valley Forge during the parties' meet and confer on May 12, 2015 when Valley Forge asked whether FKI planned to file a reply in support of its cross-motion. At that time, FKI said it did not plan to do so and requested Valley Forge's consent to file a surreply brief, which Valley Forge refused to provide. Accordingly, Valley Forge's

5

argument should be rejected because it is based on a misconstruction of the facts and a misrepresentation of FKI's actual position concerning the filing of a reply in support of its cross-motion.[5]

### III. If FKI Is Granted Leave To File A Surreply, Valley Forge's Request To Submit A Sur-Surreply Brief Should Be Denied.

Finally, Valley Forge requests leave to file a sur-surreply to address new arguments and evidence in FKI's surreply brief. Opp. Br. at 7. FKI's surreply does not raise any arguments or present any evidence that is not responsive to arguments raised in Valley Forge's reply brief. In essence, granting FKI leave to file its proposed surreply would entitle FKI to no greater rights than if FKI had filed a reply brief in support of its cross-motion, which Valley Forge asserts FKI had the right to do in the first place. Opp. Br. at 2. For these reasons, FKI's filing of its proposed surreply should conclude the summary judgment briefing.

### CONCLUSION

For the foregoing reasons and those set forth in FKI's opening brief, FKI respectfully requests that the Court strike the new arguments in Valley Forge's reply brief, or in the alternative, grant FKI leave to file a surreply brief in support of its opposition to Valley Forge's motion for summary judgment and FKI's cross-motion for summary judgment concerning FKI's duty to defend.

Dated: June 11, 2015

                                            By: */s/ Matthew A. Rich*
                                                   Matthew A. Rich, Esq. (0077995)
                                                   KATZ TELLER
                                                   255 East Fifth Street, 24th Floor

---

[5] Further, this argument does not withstand logic and confuses the standards applicable to a motion to strike new arguments in a reply brief with the standards applicable to a motion for leave to file a surreply. FKI's motion for leave to file a surreply is asserted in the alternative to its motion to strike the new arguments in Valley Forge's reply brief. If the Court grants FKI's alternative motion, it will not strike Valley Forge's new arguments. Thus, whether there is good cause for the Court to grant leave for FKI to file its surreply cannot be based on FKI's alleged motive in filing a motion to strike.

        Cincinnati, Ohio  45202
        Telephone: (513) 977-3475
        mrich@katzteller.com

        Darin J. McMullen, Esq.
        Pamela D. Hans, Esq.
        ANDERSON KILL P.C.
        1600 Market Street, Suite 2500
        Philadelphia, PA  19103
        Telephone:  (267) 216-2700
        phans@andersonkill.com
        dmcmullen@andersonkill.com

        Carrie Maylor DiCanio, Esq.
        ANDERSON KILL P.C.
        1251 Avenue of the Americas
        New York, New York 10020
        Telephone: (212) 278-1046
        cdicanio@andersonkill.com

        *Attorneys for Defendant*
        *FISHER KLOSTERMAN, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2015 the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record registered to receive electronic service to:

Kathryn M. Frost
Elenius Frost & Walsh
333 South Wabash Avenue
25th Floor
Chicago, IL 60604
Email: kathryn.frost@cna.com

Thomas B. Bruns
Freund Freeze & Arnold
Fourth & Walnut Centre
105 E Fourth Street
Suite 1400
Cincinnati, OH 45202-4009
Email: tbruns@ffalaw.com

*/s/ Matthew A. Rich*
Matthew A. Rich (007995)

8

nydocs1-1050339.3