UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALLEY FORCE INSURANCE COMPANY, | Case No.: 1:14-cv-792 |
| Plaintiffs, | Judge Michael R. Barrett |
| v. | |
| FISHER KLOSTERMAN, INC., | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Fisher Klosterman, Inc.'s ("Defendant" or "FKI") Motion to Dismiss Counts IV, V, and VI of Plaintiff Valley Forge Insurance Company's ("Plaintiff" or "Valley Forge") Complaint, and in the Alternative, to Strike Certain Allegations in Count IV of the Complaint. (Doc. 14). Plaintiff has filed a response in opposition (Doc. 16) and Defendant has filed a reply (Doc. 18). This matter is ripe for review.

**I.     SUMMARY OF ALLEGATIONS IN COMPLAINT**

Plaintiff brings six claims against Defendant:  (1) Declaratory Judgment as to the Duty to Defend; (2) Declaratory Judgment as to the Duty to Indemnify; (3) Reimbursement of Defense Costs based on Implied-in-Fact Contract; (4) Reimbursement of Defense Costs Based on Implied-in-Law Contract; (5) Reimbursement of Defense Costs Based on Unjust Enrichment; and (6) Reimbursement of Defense Costs based on Quantum Meruit. (Doc. 1). Defendant moves to dismiss only Counts Four, Five, and Six of the Complaint, and moves to strike allegations in Count Four of the Complaint.

Plaintiff is an insurance company that issued insurance policies to CECO, Defendant's parent corporation, which named Defendant as an insured. (Doc. 1, PageId 3, 12). The policies

1

contain Coverage "A" Bodily Injury and Property Damage Liability. (Id., PageId 13). In November 2010, Plaintiff agreed to defend Defendant in a products liability lawsuit filed by Valero under a full reservation of rights, including a right to seek reimbursement of costs it incurred in defending Defendant in the Valero lawsuit if the damages sought were not covered under Plaintiff's insurance policies. (Doc. 1, PageId 16). The parties had various conversations about the insurance policies and Plaintiff's defense thereunder. (Id., PageId 16-24). In August 2014, all claims asserted by Valero against Defendant were dismissed with prejudice. (Id., PageId 12). On September 10, 2014, Valero and Defendant entered into a confidential settlement agreement. (Id.). Plaintiff incurred in excess of $3 million in defending Defendant in the Valero lawsuit. (Id., PageId 24). Plaintiff now asserts that the damages sought in the Valero suit were not covered by CECO's insurance policies and that Plaintiff is entitled to reimbursement. (Id.).

## II.     MOTION TO DISMISS

### A. Standard

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotations omitted). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th

Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    B. <u>Analysis</u>

Defendant moves to dismiss Counts Four, Five, and Six of the Complaint on two primary grounds. First, Defendant argues that Plaintiff cannot establish the required element of "unjust enrichment" for any of the three claims because CECO paid the premiums in exchange for Plaintiff providing and paying for Defendant's defense against claims such as those alleged in the Valero lawsuit, and that the duty to defend is broad such that it is not plausible that Plaintiff did not have a duty to defend. Second, Defendant argues that the equitable claims should be dismissed because an express contract governs Plaintiff's duty to defend and whether it is entitled to seek reimbursement for defense costs incurred while defending Defendant.

In opposition, Plaintiff contends that its equitable claims are sufficiently pled, that Defendant improperly is requesting the Court to decide the merits of Count One of the Complaint by adopting its arguments in favor of dismissal, and that the existence of the insurance policies does not foreclose the equitable claims because it has pled them as alternative causes of action to the implied-in-fact contract claim in Count Three.

Defendant replies that there is not a factual dispute because the issue is whether Plaintiff paid Defendant's defense costs pursuant to the insurance policies and the determination of a duty to defend is a legal question, that the existence of the insurance policies themselves preclude any quasi-contractual claims, and that there is no basis for Plaintiff's allegations that Defendant was unjustly enriched by the payment of defense costs as required by the insurance policies.

After review and consideration, the Court concludes that the dismissal of Counts Four, Five, and Six pursuant to Rule 12(b)(6) is not appropriate. Although Defendant has not moved to dismiss Count Three for an implied-in-fact contract, a discussion of the claim and the basis for it puts the arguments as to the other claims in perspective. Count Three is based upon Plaintiff's allegations that Plaintiff defended under a full reservation of rights, which it alleges was an implied-in-fact contract between Plaintiff and Defendant. In *United National Insurance Co. v. SST Fitness Corp.*, 309 F.3d 914 (6th Cir. 2002), the Sixth Circuit permitted an insurer to recover defense costs under an implied-in-fact contract under Ohio law where the insured accepted the defense costs after receiving notice of a reservation of rights by the insurer.[1] Plaintiff's allegations are similar to the facts in *SST Fitness*, as it alleges that the implied-in-fact contract occurred when Defendant requested a defense from Plaintiff for the Valero lawsuit, Plaintiff agreed to pay for Defendant's chosen defense counsel under a reservation of rights, Plaintiff reserved the right to seek defense cost reimbursement from Defendant if the claims and damages sought by Valero were not covered, and Defendant accepted the defense under those conditions. (Doc. 1, ¶¶ 80, 83, 91, 94, 107, 111, 152-58). Defendant's briefs primarily ignore the allegations as to the reservation of rights and the plausible legal implications or effect of that alleged reservation of rights.

With respect the argument that Plaintiff cannot plausibly show the necessary "unjust enrichment" to sustain the equitable claims, the Court finds it untenable. Defendant is correct

---

[1] Although Defendant states that *United National Insurance Co. v. SST Fitness Corp.*, 309 F.3d 914 (6th Cir. 2002) is "no longer good law" (Doc. 18, PageId 117), the Court disagrees. Defendant's position rests upon the fact that one of the several cases considered by the Sixth Circuit in issuing its decision (*Grinnell Mutual Reinsurance Co. v. Shierk*, 996 F. Supp. 836 (S.D. Ill. 1998)) has since been repudiated by a decision of the Illinois Supreme Court (*General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Go.*, 828 N.E.2d 1092, 1104 (Ill. 2005)). (Doc. 14, PageId 84 n. 6; Doc. 18, PageId 117). But the repudiation of that one decision does not undermine the totality of the decision in *SST Fitness*, and importantly, as Defendant acknowledged, the Illinois Supreme Court chose to follow the *minority* rule rather than the *majority* rule upon which the *Grinnell* decision (and the Sixth Circuit's decision) was based.

that each of the three claims requires proof as to "unjust enrichment."[2] But Defendant's position is essential a backend attack of the duty to defend at issue in Count One that is couched in terms of "unjust enrichment." Because the Court declines to make a ruling on the duty to defend at this time, it also cannot dismiss the equitable claims for lack of plausible "unjust enrichment."

Importantly, Defendant did not move to dismiss Count One wherein Plaintiff seeks a declaratory judgment on the duty to defend. As explained in *SST Fitness*, the mere fact that an insurer tendered a defense does not automatically and unequivocally demonstrate that a duty was owed under an insurance contract. It is possible for an insurer to tender a defense under a reservation of rights, which then necessarily requires subsequent determinations concerning whether the claim was covered in the first instance and whether the reservation of rights should have legal effect. Under the facts alleged here, it is plausible that Plaintiff did not have a duty to defend in the first instance, which would mean the premiums paid by Defendant would not have covered the claim for which the defense was tendered. The effect of the reservation of rights letter then becomes the focus of the analysis. Although a determination as to whether Defendant was "unjustly enriched" requires the reservation of rights to be considered, Defendant's argument overlooks the reservation of rights. Dismissal of the equitable claims on this basis is not appropriate at this time.

The Court further concludes that dismissal of Counts Four, Five, and Six is not required on the basis that an express contract exists covering the subject matter of those claims. Defendant's argument rests, at least in part, on the same theory as the "unjust enrichment"

---

[2] The elements of an implied-in-law contract are: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984). "A claim for unjust enrichment, or quantum meruit, is an equitable claim based on a contract implied in law, or a quasi-contract. . . . To prevail on a claim of unjust enrichment, a plaintiff must show: '(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment . . . ." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984).

argument—that is, that the insurance contract itself fully dictates the relationship between the parties and it required Plaintiff's performance thereunder. That argument is flawed for the same reasons set forth above. The alleged right of Plaintiff to recoup defense costs arises outside the terms of the express insurance contract and is premised on Plaintiff's reservation of rights. That alleged right may arise only if a determination is made that Plaintiff did not have a duty to defend. Further, as Plaintiff points out, the equitable claims are alternative means of pleading the implied-in-fact contract claim in Count Three. Given that the Court has not decided whether an implied-in-fact contract exists in this case and it is not clear that there is no dispute as to enforceability of such an implied-in-fact contract, the alternative pleading is appropriate. *See Gascho v. Global Fitness,* 863 F. Supp. 2d 677, 699-70 (S.D. Ohio 2012); *Ruggles v. Bulkmatic Transport Co.*, No. CV-03-617, 2004 U.S. Dist. LEXIS 30588, at *15-16 (S.D. Ohio June 23, 2004).

Nonetheless, if the Court ultimately determines that a contract governs the subject matter of the claim, then Defendant is correct that "Ohio law does not allow parties to 'seek damages under quasi-contractual theories of recovery' such as a claim of unjust enrichment when a contract governs the relationship." *Gascho*, 863 F. Supp. 2d at 699 (quoting *Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*, 796 F. Supp. 1078, 1085 (S.D. Oho 1992)); *see also Ruggles*, 2004 U.S. Dist. LEXIS 30588, at *15 ("Ohio law does not permit recovery under a quasi-contractual theory when there exists an express contract between the parties covering the same subject."). To make a determination at this time, however, would be premature in light of the foregoing.

Accordingly, Counts Four, Five, and Six shall not be dismissed at this time.

### III. MOTION TO STRIKE

#### A. Standard

The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters. *See* Fed. R. Civ. P. 12(f) (stating that a court can strike from the pleadings "any insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter"). The application of Rule 12(f) is a drastic remedy that should be used sparingly and only where justice so requires. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Malibu Media, LLC v. Ricupero*, No. 2:14-cv-821, 2015 U.S. Dist. LEXIS 91263, at *3 (S.D. Ohio July 14, 2015). A motion to strike therefore should only be granted when the pleading to be stricken has no possible relation to the controversy. *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991).

**B. Analysis**

Defendant argues that several of the allegations made by Plaintiff with respect to its implied-in-law contract claim concern Defendant's alleged breach of the duty to cooperate and are irrelevant to the claim. Specifically, Defendant points to Paragraphs 171 through 181 of the Complaint (reciting Paragraphs 175, 176, 179 and 181 in full), and contends that any allegations that Defendant failed to tender the Valero suit to Valtech or BFK or that BFK was unjustly enriched are improper because the allegations do not concern an element of the claim and Plaintiff has not sought to recover against Valtech or BFK.

Plaintiff responds that its allegations are proper because it has sufficiently pled unjust enrichment and the allegations go to whether Defendants reaped unjust benefits by requiring Valley Forge to defend and by failing to tender that defense to BFK and Valtech.

Defendant replies that Plaintiff does not seek damages for unjust enrichment from Defendant's unimpaired business relationships with BFK and Valtech and that there is no basis

7

in law or fact for Plaintiff's claim that Defendant benefitted in its business relationship with BFK.

After review and consideration, the Court concludes that it is not appropriate to strike the allegations as requested by Defendant.  The elements of an implied-in-law contract are: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')."  *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984).  While the Court agrees that any unjust enrichment of Valtech and BFK specifically is not relevant because neither has been sued in this lawsuit, the Court finds that allegations as to the circumstances surrounding Plaintiff's tendering of a defense under a reservation of rights are plausibly relevant to the implied-in-law contract claim.  The Court therefore declines to employ the drastic remedy of striking those allegations from the Complaint.

## IV. CONCLUSION

Consistent with the foregoing, Defendant's Motion to Dismiss (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT