**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE | ) | |
| COMPANY, a Pennsylvania Corporation | ) | |
| | ) | Civil Action No.: 1:14-cv-792- MRB |
| Plaintiff, | ) | |
| | ) | Judge Michael R. Barrett |
| vs. | ) | |
| | ) | |
| FISHER KLOSTERMAN, INC., a Delaware | ) | |
| Corporation | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF VALLEY FORGE INSURANCE COMPANY'S**
**REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNT VI (BAD**
**FAITH) OF DEFENDANT FISHER KLOSTERMAN INC.'S COUNTERCLAIM**

## I.    INTRODUCTION

Fisher Klosterman, Inc. ("FKI") attempts to rewrite its flawed bad faith claim through its Opposition brief. It is not allowed to do so. Based on the actual allegations, FKI's bad faith claim is nothing more than a claim that Valley Forge acted in bad faith by filing this declaratory judgment action. Indeed, FKI's Counterclaim is chock-full of accusations that Valley Forge is in bad faith for "commencing" this lawsuit.

First and foremost, Valley Forge was completely within its rights to file this lawsuit seeking a declaration, pursuant to the Declaratory Judgment Act, as to the duty to defend and indemnify under the insurance policies. Valley Forge's request for reimbursement of costs it incurred in defending FKI in the Valero Suit is equally proper. Such recourse is judicially recognized by the United States Court of Appeals, Sixth Circuit. FKI's bad faith claim based on Valley Forge filing this lawsuit wholly lacks any basis in law or in fact.

All but admitting this fact, FKI now attempts to pivot and claim that its bad faith claim is based on Valley Forge's failure to acknowledge certain "facts" and post-litigation conduct, including actions or inactions taken in settlement negotiations in this case. FKI's new arguments are equally baseless. Indeed, FKI's attempt to interject privileged, confidential settlement communications into the record is highly improper. Such actions are simply meant to harass Valley Forge, increase Valley Forge's litigation costs and attempt to paint Valley Forge in a bad light.

FKI's Counterclaim is further legally deficient because FKI has not and cannot set forth any compensatory damages it incurred as a result of Valley Forge filing this declaratory judgment action. Compensatory damages are a threshold requirement in any tort claim. The only damages claimed by FKI are costs incurred in responding to this lawsuit. Those damages are not compensatory damages that can support a bad faith cause of action.

FKI's alternative request to amend its bad faith claim is equally unavailing and should be denied. First, FKI's Motion for Leave to Amend is time barred. August 1, 2015 was the deadline for a party to file its Motion for Leave to Amend the pleadings in this case. (Doc. # 25.) On July 29, 2015, Valley Forge filed its Motion requesting this Court extend the deadline to amend the pleadings and requesting a conference to reset the deadlines in this case. (*See* Doc. # 47 and # 49; Exh. 10 and 11, respectively.) FKI vehemently opposed Valley Forge's Motion. (Doc. # 48; Exh. 12.) Most certainly, the deadlines in this case must apply equally to the parties. Given FKI's opposition to Valley Forge's Motion for leave to extend the deadlines, FKI's current request is time barred.

Even if timely, FKI's Motion To Amend its bad faith claim should be denied. FKI's bad faith claim is baseless and, therefore, leave to amend would be futile. Moreover, FKI's proposed

amended counterclaim is made in bad faith because it is meant to harass Valley Forge and increase the cost of this litigation.

## II.  DOCUMENTS ATTACHED TO VALLEY FORGE'S MOTION CAN BE CONSIDERED IN DECIDING THIS MOTION

FKI asserts that in deciding this Motion, this Court cannot consider any evidence outside the allegations contained in FKI's Counterclaim.  (FKI's Opp., p. 6.)  FKI specifically contends that this Court cannot consider Exhibits 2-4 and 6-7 submitted by Valley Forge in support of this Motion to Dismiss.  FKI is wrong.

As set forth in Valley Forge's Memorandum in Support, without converting this Motion to one for summary judgment, this Court may consider public records, items appearing in the record of the case and exhibits attached to the Motion to Dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.  (Valley Forge's Memorandum ("VF's Memo"), p. 4.)  Further, "[m]atters of public record may be considered on a motion to dismiss."  *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir.2013) (citing *Barany–Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir.2008)).

Based on Sixth Circuit precedent, this Court has the authority to consider Exhibits 2-4 and 6-7 submitted in support of Valley Forge's Motion to Dismiss because:

- Exhibit 2 is FKI's Cross-Motion for Summary Judgment and Opposition to Valley Forge's Summary Judgment Motion filed in this case.  (Doc. #33).  This Court can take judicial notice of this publically filed court document;

- Exhibit 3 is Valley Forge's Reply in Further Support of its Summary Judgment Motion and Opposition to FKI's Cross-Motion filed in this case.  (Doc. #38).  This Court can take judicial notice of this court document;

- Exhibit 4 is FKI's Motion for Partial Summary Judgment on Successor Liability and accompanying select exhibits filed in the Valero Suit.  This Motion is specifically referenced in Paragraph No. 28 of FKI's Counterclaim and incorporated by reference in FKI's bad faith count through Paragraph No. 152.  This Court can take judicial notice of this publically filed court document;

- Exhibit 6 is FKI's Complaint filed against BFK, Inc. on December 23, 2014, in the Court of Common Pleas, Hamilton County, Ohio.  This document is specifically referenced in Paragraph No. 68 of FKI's Counterclaim; incorporated by reference in FKI's bad faith count through Paragraph 152; and referenced in Paragraph No. 166.  This Court can take judicial notice of this publically filed court document; and

- Exhibit 7 is BFK, Inc.'s answer to FKI's Complaint filed in the suit initiated by FKI on December 23, 2014, in the Court of Common Pleas, Hamilton County, Ohio.  This Court can take judicial notice of this publically filed court document.

FKI has not challenged the authenticity of any these documents.  FKI puts its head in the sand and simply ignores Sixth Circuit precedent.  The documents can be considered and the facts contained therein establish that FKI's bad faith claims are baseless.[1]

## III.   FKI HAS NOT ALLEGED SUFFICIENT FACTS TO PLAUSIBLY ESTABLISH THAT VALLEY FORGE'S FILING OF THIS DECLARATORY JUDGMENT ACTION WAS ARBITRARY, CAPRICIOUS, OR NOT REASONABLY JUSTIFIED

FKI claims that its bad faith claim is not premised on Valley Forge filing this lawsuit. (FKI's Opp., p. 7.)  Instead, FKI pivots and now claims that Valley Forge is in bad faith for its "claims handling" because Valley Forge allegedly ignored "facts" in filing this lawsuit.  (*Id.*, pp. 7-8.)  FKI is wrong.

FKI's Counterclaim is full of accusations that Valley Forge is in bad faith simply for filing this declaratory judgment action.  FKI alleges that:

- "Valley Forge sued FKI for reimbursement of defense costs and now seeks to take advantage of its policyholder. . ."  (Exh.1, *Counterclaim,* ¶ 163.)

- "Valley Forge commenced litigation against FKI to force FKI to repay amounts;" (*Id.*, ¶ 170.)

---

[1] In its Opposition to Valley Forge's Motion to Dismiss, FKI needlessly complicates matters by intertwining allegations contained in its proposed amended counterclaim.  Those allegations are referenced in FKI's Opposition as "ACC."  FKI's proposed allegations are not at issue in this Motion to Dismiss and, therefore, Valley Forge disregarded those proposed allegations in this Reply.

- "In commencing litigation against FKI, Valley Forge has the ulterior motive in forcing FKI to forego the coverage purchased under the Policies . . . [t]his improper strategy. . . " (*Id*., ¶ 177);

- "In commencing litigation against FKI and seeking recoupment of defense costs, Valley Forge has arbitrarily and capriciously denied FKI the benefits FKI contracted for under the Policies." (*Id*., ¶ 178.)

To now claim that its bad faith claim is not based on Valley Forge's filing of this lawsuit is spurious.

Even if FKI's bad faith counterclaim is based on Valley Forge's "handling" of FKI's claim relating to the Valero Suit, FKI's claim fails to plead sufficient facts to support a plausible bad faith tort cause of action against Valley Forge.

### A. Valley Forge's Filing Of This Lawsuit Seeking Declaratory Judgment As To The Duty To Defend Was Proper

FKI claims Valley Forge is in bad faith for seeking declaratory judgment on the duty to defend because Valley Forge allegedly conceded that it owed a duty to defend FKI in the Valero Suit in an August 30, 2013 letter. (Exh. 1, Doc 54, *Counterclaim*, ¶¶ 174-178, PageId 2173-74.) FKI further alleges that Valley Forge is in bad faith for claiming that FKI failed to cooperate with Valley Forge. (*Id*., p. 11.) FKI's claims are without merit and not do support any bad faith cause of action against Valley Forge.

#### 1.   *Valley Forge's August 30, 2013 Letter Is Not An Admission*

FKI claims that Valley Forge's August 30, 2013 letter constituted a party admission that Valley Forge believed that FKI was liable for one of two contracts at issue in the Valero Suit concerning the Paulsboro refinery. (FKI's Opp., p. 9.) Based on this alleged "admission", FKI claims Valley Forge knew it owed a duty to defend. (*Id*.) FKI's allegations are **patently false**.

The August 30, 2013 letter does not contain any admission that Valley Forge had a duty to defend. As FKI concedes, the letter merely states that Valley Forge "conclude[s] that FKI assumed responsibility for only one of the two ***possible*** contracts for products ***possibly at issue*** at the Paulsboro refinery." (FKI's Opp., p. 9.) (Emphasis added). While FKI attempts to wish away the words "<u>possible</u>" and "<u>possibly at issue</u>" in the letter, it cannot. Clearly, the letter is **<u>not</u>** an admission that the contract which FKI may have assumed responsibility from BFK was actually at issue in the Valero Suit.

Indeed, the actual facts establish that the contract FKI may have assumed from BFK was **<u>never</u>** at issue in the Valero Suit. FKI does not contest this fact. Instead, FKI sticks its head in the sand and simply ignores this undisputed fact.

As set forth in Valley Forge's Memorandum of Law, FKI moved for summary judgment on the Paulsboro claims in the Valero Suit on the grounds that BFK, not FKI, was liable for the products sold to Valero and at issue at the Paulsboro refinery. (VF's Memo, p. 9.) In particular, FKI argued that the contract for the products at issue at the Paulsboro refinery was solely the responsibility of BFK. (*Id.*; *see* Exh. 4, *FKI's Summary Judgment Motion filed in the Valero Suit with selected exhibits*.) On August 26, 2014, the Valero Court granted FKI's summary judgment motion on the corporate successor liability as to the Paulsboro refinery. (*See* Exh. 1, Doc. # 54, ¶ 29, PageId 2153; *see also* Exh. 5.) By FKI's own admission, the contract which FKI may have assumed in the Asset Purchase Agreement was **<u>never</u>** at issue in the Valero Suit. FKI has not and cannot dispute this fact.

So, to claim that Valley Forge is in bad faith based on a letter regarding products <u>which FKI knows were never at issue in the Valero Suit</u> is spurious, to say the very least. *See Kosik v. Banc One Ins. Agency, Inc.,* No. 4:07-CV-2788, 2008 WL 5705572, at *5 (N.D. Ohio Apr. 28,

2008) (a party "cannot rest upon the allegations in the Complaint where they are contradicted by appropriately submitted facts drawn from documents incorporated by reference into the Complaint and central to [claimant's] claims").

      **2.**       ***Valley Forge's Allegation That FKI Failed To Cooperate Was Proper***

FKI alleges that Valley Forge acted without reasonable justification by making unsupported allegations that 1) FKI failed to cooperate with Valley Forge; and 2) Valley Forge suffered damages as a result of FKI's lack of cooperation. (FKI's Opp., p. 11.) FKI's claim is without merit.

As set forth in Valley Forge's Memorandum of Law, FKI filed suit against BFK on December 23, 2014 in Ohio state court seeking reimbursement of costs under the Asset Purchase Agreement between FKI and BFK. (*See* VF's Memo, pp. 9-10; Exh. 6, *FKI's suit against BFK filed on December 23, 2014*.) In its answer to FKI's complaint, BFK asserted the affirmative defense of late notice – that is, FKI failed to timely comply with the notice requirements set forth in the Asset Purchase Agreement. (VF's Memo, pp. 9-10; *see also* Exh. 7, *BFK's Answer to Complaint, Thirteenth Affirmative Defense*.) If BFK's late notice defense is successful, FKI's indemnity claims are barred against BFK, and, as a consequence, Valley Forge's potential subrogation rights against BFK have been destroyed.

FKI again sticks its head in the sand and simply ignores BFK's answer and its affirmative defense of late notice. Most certainly, Valley Forge's claim that FKI breached its duty to cooperate by not timely tendering the Valero Suit to BFK and, as a consequence, may have eliminated any recovery from BFK, sufficiently states a breach of the cooperation clause against FKI and potential damages resulting therefrom. FKI has not set forth any facts to establish otherwise.

**B.** **Valley Forge's Filing Of This Lawsuit Seeking Declaratory Judgment As To The Duty To Indemnify Was Proper**

FKI states that its "bad faith claim is not based on Valley Forge's refusal to indemnify FKI" for the Valero settlement amount. (FKI's Opp., p. 13.) FKI's assertion is **patently false**.

FKI's bad faith Counterclaim specifically alleges:

> 162. Valley Forge nonetheless improperly and unreasonably denied coverage for the settlement between FKI and Valero.

(Exh. 1, Doc # 54, *Counterclaim*, ¶ 162, PageId 2172.) FKI's failure to defend the actual allegations in its bad faith Counterclaim underscores the lack of merit of FKI's entire bad faith claim.

**C.** **Valley Forge's Filing Of This Lawsuit Seeking Reimbursement Of Defense Costs Was Proper**

In an attempt to re-write its Counterclaim, FKI now claims it alleged that, prior to filing the declaratory judgment action and summary judgment motion on the same, Valley Forge allegedly failed to consider "facts" which were dispositive of its implied-in-fact contract claim. (FKI's Opp., p. 10.) Once again, that allegation appears nowhere in FKI's Counterclaim. Instead, FKI specifically alleged:

> 173. Valley Forge has purposefully failed to allege the existence of facts bearing on its claims, including that FKI explicitly rejected Valley Forge's purported reservation of right to recoup defense costs in the event the Valero Suit was not covered by the policies.

(Exh. 1, Doc # 54, *Counterclaim*, ¶ 173.) FKI apparently attempts to re-write its allegation to side-step the bar on post-litigation conduct forming the basis of a bad faith claim, which is discussed in detail in the immediately following section. However, under either the actual allegations or the allegations FKI now wishes it had alleged, FKI's bad faith claim is baseless.

As set forth in Valley Forge's Reply in further support of its Motion for Summary Judgment filed in this case, Valley Forge established, as required by SST *Fitness*, that it 1)

timely and explicitly reserved its right to recoup its defense costs from FKI; and 2) provided specific and adequate notice of the possibility of reimbursement to FKI.  (*See* Doc # 38, pp. 23-30.)  FKI accepted Valley Forge's offer to pay for its defense costs under the terms set forth in Valley Forge's reservation of rights letter.  (*Id*.)

FKI's April 12, 2013 letter objecting to Valley Forge's reservation of rights is simply irrelevant to the requirements set forth in *SST Fitness*.  (*Id*.).  This is because letters sent by Valley Forge after FKI's April 12, 2013 letter establish that Valley Forge continued to reserve its right to recoup defense costs.  (*Id.*)  FKI accepted and continued to accept payment of over $3 million in defense costs over the course of 17 months and after receipt of those letters.  (*Id*.)  Through its conduct, FKI accepted the defense actually offered by Valley Forge under a complete reservation of rights, including Valley Forge's right to reimbursement of the costs incurred in defense of the Valero Suit if the facts revealed there was no coverage under the policies in the first instance.  (*Id*.)

Valley Forge's request for reimbursement of costs incurred in defending the Valero Suit is entirely proper and is supported by both the law and facts.

## IV.    FKI'S BAD FAITH CLAIM BASED ON POST-LITIGATION CONDUCT IS MERITLESS

FKI claims Valley Forge acted in bad faith when Valley Forge allegedly failed to include certain facts in its pleadings in this case.  (*See* Exh. 1, Doc # 54, *Counterclaim*, ¶¶ 163, 173, PageId 2172-74; FKI's Opp., pp. 10-11, 12.)  FKI's claims are legally and factually unfounded and do not rise to any level of bad faith.

As courts in the District have suggested, post-litigation conduct generally should not be used to support a bad faith claim against an insurer.  *See Helms v. Nationwide Ins. Co. of Am.,* 280 F.R.D. 354, 360-61 (S.D.Ohio 2012), citing *Knotts v. Zurich Ins. Co.,* 197 S.W.3d 512 (Ky.

9

2006).  Although FKI cites case law claiming post-litigation can be taken into account, the only two cases FKI cites involving post-litigation conduct specifically limit such conduct to acts relating to the handling of a first-party insurance claim.  (*See* FKI's Opp., p. 7 and 8, n.5.); *See Spadafore v. Blue Shield*, 486 N.E.2d 1201 (Ohio App. 1985) (insured sued health insurer for handling and paying dental benefits); *Schultz v. Lincoln Nat. Life Ins. Co.*, No. 69499; 1996 WL 732449 (Ohio.App.1997) (alteration of document relating to life insurance policy.)  These cases are inapplicable to the facts at hand.  This case involves a third-party insurance claim – not a first party claim.  Moreover, the third-party claim – the claim by Valero against FKI – was fully resolved prior to the filing of this suit.  Given these facts, the post-litigation conduct FKI alleges does not fall within the narrow exception set forth in *Spadafore* and, therefore, should not form the basis of any bad faith claim by FKI.

However, even if this Court considers such conduct, FKI has not and cannot meet its pleading burden to establish Valley Forge acted arbitrarily and capriciously toward FKI and that its actions were not reasonably justified.  In particular, FKI specifically alleged that Valley Forge is in bad faith because Valley Forge failed to allege facts relating to FKI's April 12, 2013 letter as it relates to the recoupment of defense costs.  (Exh. 1, Doc # 54, *Counterclaim*, ¶ 173.)  As set forth above, the April 12, 2013 letter objecting to Valley Forge's reservation of rights is irrelevant to Valley Forge's right to recoup its costs from FKI.  Valley Forge is not required to include irrelevant facts in a summary judgment motion.  Moreover, FKI's own counsel authored the letter and, therefore, it is not possible that Valley Forge "withheld" or "hid" any such information.

**V.  SETTLEMENT COMMUNICATIONS INCLUDED IN FKI'S COUNTERCLAIM ARE PRIVILEGED AND WERE IMPROPERLY DISCLOSED; HOWEVER, EVEN IF CONSIDERED, THEY DO NOT SUPPORT FKI'S BAD FAITH CLAIM**

FKI alleges "facts" which were taken directly from settlement communications relating to the coverage issues in this case.  (*See* Exh. 1, Doc # 54, *Counterclaim*, ¶¶ 166 to 169, PageId 2172; FKI's Opp., p. 12.)  By alleging these facts, FKI is attempting to goad Valley Forge into revealing its settlement communications on the record.  FKI's ruse is completely contrary to Federal Rule of Evidence 408 and Sixth Circuit precedent, and is meant to improperly influence this Court.

Federal Rule of Evidence 408 states, in relevant part:

a)  **Prohibited uses.** Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . .

(1)  furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

(2)  conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case. . . .

(b)  **Permitted uses.** This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay. . . .

Fed.R.Evid. 408.  The Sixth Circuit recognizes that communications in furtherance of settlement are privileged communications.  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir.2003) (although Rule 408 authorizes use of the fact of settlement negotiations or the settlement agreement itself for other purposes, it has never authorized the use of settlement communications); *see also EID v. Saint-Gobain Abrasives, Inc.*, 377 Fed.App'x 438 (6th Cir.2010).

In finding that communications in furtherance of settlement are privileged, the Sixth Circuit recognizes there is "a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations." *Goodyear*, 332 F.3d 976, 980 (6th Cir.2003). The court recognizes that this strong public interest applies to settlement negotiations occurring under the supervision of a court or informally between the parties. *Id.* The court further acknowledges that for "settlement talks to be effective, parties must feel uninhibited in their communications." *Id.* The court explains:

> Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative quid pro quos, and generally make statements that would otherwise belie their litigation efforts. Without a privilege, parties would more often forego negotiations for the relative formality of trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.

*Id.* The Sixth Circuit also notes there is an historical tradition of affording settlement communications confidentiality. *Id.*

FKI claims that privileged, confidential settlement communications can be revealed to prove its bad faith claim, citing *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir.2000). (FKI's Opp., p. 12, n. 9.) *Athey* is not Sixth Circuit law. Nor are the facts in this case similar to those in *Athey*. In *Athey*, the Eighth Circuit specifically found that, under South Dakota law, "an insurer's attempt to condition settlement of a breach of contract claim on the release of a bad faith claim may be used as evidence of bad faith." *Athey*, 234 F.3d 357, 362 (8th Cir.2000). Based on South Dakota law, the Eighth Circuit found that the trial court did not abuse its discretion by allowing the settlement communications in evidence. *Id.*

12

FKI cites no Ohio case law which allows privileged, confidential communications made in an attempt at settle coverage issues to be introduced in support of a bad faith claim. Introduction of such evidence would effectively eliminate any incentive for an insurer, including Valley Forge, to engage in any settlement negotiations to resolve coverage issues because anything it may say (or, as in this case, allegedly did not say) will be used against it in court.

In this case, FKI improperly discloses the alleged settlement communications in support of its bad faith claim:

> 166. FKI commenced a lawsuit against BFK in order to preserve the statute of limitations with respect to potential claims against BFK for indemnity under the APA and tendered the prosecution of that lawsuit to Valley Forge.
>
> 167. Valley Forge has not responded to the tender of the suit against BFK.
>
> 168. FKI also has offered to transfer to Valley Forge its rights to indemnification claims against Valtech to Valley Forge for costs incurred in the Valero Suit.
>
> 169. Valley Forge has not responded to this offer.

(Exh. 1, Doc # 54, *Counterclaim*, ¶¶ 166 to 169, PageId 2172.)  FKI further expounds on these allegations in its Opposition, arguing that Valley Forge has acted without reasonable justification in failing to respond to FKI's settlement offer.  (FKI's Opp., p. 12.)  Based on Sixth Circuit precedent, this Court should find that such statements cannot form the basis of FKI's bad faith claim.

However, even if this Court considers these privileged, confidential settlement communications, FKI has not and cannot meet its pleading burden to establish that Valley Forge's alleged silence is arbitrary, capricious, or not reasonably justified.

A.       Tender Of The BFK Suit

FKI alleges that it tendered to Valley Forge the suit it filed against BFK in December 2014, but that Valley Forge has not responded to this offer.  (Exh. 1, Doc # 54, *Counterclaim*, ¶¶ 166 to 167, PageId 2172; FKI's Opp., p. 12.)   FKI's statement that Valley Forge has not responded to FKI's offer is **patently false**.  However, for purposes of this Motion to Dismiss, Valley Forge assumes such allegation is true.  Even so, facts in the record establish that Valley Forge's alleged silence is not arbitrary and capricious or not reasonably justified.

Valley Forge alleges in its Complaint that it requested, through letters dated November 12, 2010; April 8, 2013; April 18, 2013; and August 30, 2013, that FKI tender the Valero Suit to BFK for defense under the Asset Purchase Agreement.  (Doc. # 1, *Complaint*, ¶¶ 87, 102, 105 and 109, PageID 17, 21-22.)  As FKI acknowledges, it tendered the Valero Suit for defense and indemnification to BFK by letter dated September 10, 2013, three years after Valley Forge's initial request.  (Exh. 1, *Counterclaim*, ¶ 62, PageID 2158.)

FKI alleges that it filed suit against BFK on December 23, 2014 in Ohio state court.  (*See* Exh. 1, *Counterclaim*, ¶ 68, PageID 2159; Exh. 6, *FKI's suit against BFK filed on December 23, 2014*.)  In its answer to FKI's complaint, BFK asserted the affirmative defense of late notice – that FKI failed to comply with the notice requirements set forth in Section 8.05 of the Asset Purchase Agreement.  (VF's Memo, pp. 9-10; *see also* Exh. 7, *BFK's Answer to Complaint, Thirteenth Affirmative Defense*.)  If BFK's late notice defense is successful, FKI's indemnity claims, including reimbursement of past defense costs, are barred against BFK.  As a consequence, Valley Forge's potential subrogation rights have also been destroyed.

Again, even assuming that FKI's allegations are true, Valley Forge's actions were not arbitrary, capricious or unreasonably justified.  FKI wanted Valley Forge to dismiss this lawsuit

**with prejudice**. In exchange, FKI states that Valley Forge would assume the BFK suit – a suit which may have $0 value because FKI repeatedly failed to timely tender the Valero Suit to BFK as requested by Valley Forge. If Valley Forge accepted FKI's proposal and if BFK prevailed on its late notice defense, Valley Forge would have no recourse against FKI for breach of the cooperation clause in the policies, because this suit would have been dismissed with prejudice. Such an offer is not a good faith proposal to resolve this matter.

        **B.**      **Tender Of FKI's Rights Against Valtech**

FKI alleges it offered to tender to Valley Forge FKI's rights against Valtech for costs incurred in defending the Valero Suit, but that Valley Forge has not responded to this offer. (Exh. 1, Doc # 54, *Counterclaim*, ¶¶ 166 to 167, PageId 2172; FKI's Opp. P. 12.) FKI's statement that Valley Forge has not responded to FKI's offer is **patently false**. However, for purposes of this Motion to Dismiss, Valley Forge assumes such allegation is true. Even so, facts in the record establish that Valley Forge's alleged silence is not arbitrary, capricious or not reasonably justified.

Valley Forge alleges in its Complaint that in its November 10, 2010 letter, it requested that FKI tender the Valero Suit to Valtech for defense under the Purchase Orders entered between FKI and Valtech. (Doc. # 1, *Complaint*, ¶ 86, PageID 17.) In those Purchase Orders, Valtech promised to maintain insurance to protect FKI against any claims. (*Id*., ¶ 88, PageID 17.) Valtech also promised to indemnify FKI for losses (including reasonable attorneys' fees and expenses) arising out of the products which were the subject of the Purchase Orders. (*Id*., ¶ 89, PageID 17.) As FKI acknowledges, it tendered the Valero Suit for defense to Valtech in 2011. (Exh. 1, *Counterclaim*, ¶ 70, PageID 2160.)

However, unbeknownst to Valley Forge, FKI entered into a settlement with Valtech.  In its 10-K filed with the SEC for the year ending 2014, FKI's parent company, CECO, revealed that CECO/FKI had entered into a settlement with a "supplier" whereby the "supplier" paid $200,000 to FKI/CECO as it relates to the Valero Suit.  (Exh. 13, *Excerpt of CECO's 10-K*.)[2] FKI admits the settlement referenced in CECO's 10-K is actually a settlement with Valtech. (Exh. 12, p. 3.)[3]  Valley Forge sought production of the Valtech settlement agreement in discovery in this litigation.  (*See* Exh. 10, pp. 2-3.)[4]  FKI refuses to produce that settlement agreement.  (*Id.*)  To date, this Court has not yet resolved the discovery dispute as to whether FKI must produce the Valtech settlement agreement to Valley Forge.  (*Id.*)  If FKI released all or a portion of its claims against Valtech through the settlement agreement, then FKI's rights are extinguished against Valtech.  As a consequence, FKI would have destroyed Valley Forge's potential subrogation rights against Valtech.

Again, even assuming FKI's allegations are true, Valley Forge's actions were not arbitrary, capricious, or unreasonably justified.  FKI wanted Valley Forge to dismiss this current lawsuit **with prejudice**.  In exchange, FKI states that Valley Forge would assume FKI's rights against Valtech – rights which may have $0 value because FKI may have fully released those rights in its settlement agreement with Valtech, an agreement FKI refuses to produce to Valley Forge.  If Valley Forge accepted FKI's proposal and if FKI's rights against Valtech have been fully released, Valley Forge would have no recourse against FKI for breach of the insurance policies for improperly impairing Valley Forge's subrogation rights, because this suit would

---

[2] This Court can take judicial notice and consider the SEC filing in deciding this Motion to Dismiss.  *See Goryoka*, 519 F. App'x 926, 927 (6th Cir.2013).

[3] This Court can take judicial notice and consider FKI's Opposition filed in response to Valley Forge's Motion to Extend Deadlines filed in this case.

[4] This Court can take judicial notice and consider Valley Forge's Motion to Extend Deadlines filed in this case.

have been dismissed with prejudice.  Such an offer is not a good faith proposal to resolve this matter.[5]

## VI.    FKI FAILED TO ALLEGE THE THRESHOLD REQUIREMENT OF COMPENSATORY DAMAGES AND, THEREFORE, FKI'S BAD FAITH CLAIM SHOULD BE DISMISSED

In its bad faith tort Counterclaim, FKI failed to allege any compensatory damages – an element of any tort claim.  *See Stratmore v. Goodbody*, 866 F.2d 189, 194 (6th Cir.1989) ("the basic tort elements of duty, breach, causation, and damages must all be proven.")  As Valley Forge argued, and FKI does not dispute, attorneys' fees and costs in responding to this declaratory judgment action are not considered compensatory damages as it relates to FKI's bad faith tort claim.  (*See* VF's Memo, pp. 14-15.)  Indeed, FKI did not even allege any breach of contract claim against Valley Forge.  Moreover, Valley Forge never denied FKI's claim for coverage but, instead, filed this declaratory judgment action requesting this Court to determine the rights and obligations of the parties.  (*See* VF's Memo, pp. 5-6.)  Given that FKI failed to allege any compensatory damages solely attributable to the alleged bad faith tortious conduct, FKI's bad faith tort claim fails.

Moreover, FKI's request for punitive damages fails.  Those damages require an allegation of compensatory damages.  FKI's claim for attorneys' fees equally fails because attorneys' fees can only be awarded in this case if they are part of a punitive damages award.

---

[5] FKI also alleges that Valley Forge and FKI had tentatively agreed that they would pursue BFK and Valtech together.  (Exh. 1, Doc # 54, *Counterclaim*, ¶ 171, PageId 2173; FKI's Opp., p. 12.)  **This allegation is patently false**.  There was no such tentative agreement and FKI fails to provide any factual context, including when such agreement was reached.  Given that such statement is a conclusion of law – that an agreement exists – such allegation should be disregarded by this Court.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court should disregard conclusory allegations, including legal conclusions, couched as factual allegations).  Even if the allegation was true (which it is not), merely changing one's position does not constitute bad faith.  *See Arrowood Indem. Co. v. Lubrizol Corp.*, No. 10 CV 2871, 2011 WL 3490268 (N.D. Ohio Aug. 10, 2011) (merely changing one's position does not breach duty to act in good faith; insured must plead facts demonstrating that there was no reasonable justification for doing so).

Simply put, FKI's bad faith tort claim should be dismissed for failure to state a cause of action because FKI did not allege any viable claim for compensatory damages.

## VII.   FKI'S REQUEST FOR LEAVE TO AMEND ITS COUNTERCLAIM SHOULD BE DENIED

FKI seeks, in the alternative, leave to amend its bad faith Counterclaim.  FKI's request should be denied based on the fact that 1) FKI's Motion is time barred; 2) FKI's proposed amendment would be futile; and 3) FKI's Motion is made in bad faith.

### A.   FKI's Motion For Leave To Amend Is Time Barred

August 1, 2015 was the deadline for a party in this case to file a motion for leave to amend the pleadings.  (Doc. # 25.)  This Court has not yet agreed to extend that deadline.

In particular, on July 29, 2015, Valley Forge filed its Motion requesting that this Court extend the deadline to amend the pleadings and requesting a conference to reset the deadlines in this case.  (*See* Doc. # 47 and # 49; Exh. 10 and 11, respectively.)  Valley Forge requested an extension of the deadline to amend pleadings because this Court had stayed discovery in this case.  (*Id*.)  In addition, this Court has not yet decided whether it will compel FKI to produce the settlement agreement between FKI and Valtech.  (*Id*.)  If FKI released any rights FKI had against Valtech in its settlement agreement, FKI will have impaired Valley Forge's potential subrogation rights in violation of the plain language of the policies.  Valley Forge requested an extension of the deadlines to determine whether FKI impaired or destroyed Valley Forge's potential subrogation rights and, if so, to seek to amend its complaint to add that cause of action.  (*Id*.)

FKI vehemently opposed Valley Forge's Motion.  (Doc. # 48; Exhibit 12.)  Most certainly, the deadlines in this case must apply equally to the parties.  Given FKI's position in opposition to Valley Forge's Motion, FKI's current Motion for Leave to Amend is time barred until, or unless, this Court establishes new deadlines in the case.

**B.      FKI's Proposed Amendment Is Futile**

FKI's Motion for Leave to Amend should be further denied on the grounds of futility because FKI's proposed amended bad faith counterclaim cannot withstand a Rule 12(b)(6) motion.  *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir.2010) (proposed amendment under Rule 15(a) is properly denied as futile if amendment cannot withstand Rule 12(b)(6) motion to dismiss).

FKI's proposed amendment includes an allegation that Valley Forge intervened in the Valero Suit without reasonable justification thereby interfering with FKI's defense of that suit. (FKI's Proposed Amendment, ¶¶ 169-170.)  FKI's proposed allegation is meritless.

Ohio courts have held that an insurer may bear the burden of parsing out a general verdict.  *See World Harvest Church v. Grange Mut. Cas. Co*., 2013 WL 6843615 (Ohio App. 2013), appeal allowed, 140 Ohio St.3d 1521 (Dec. 3, 2014).  It is therefore appropriate for an insurance carrier to intervene in the underlying case for the purpose of allocating damages.  *Id*. Quite simply, Valley Forge's intervention petition in the Valero Suit to pose special interrogatories to the jury on the allocation of damages was completely proper under Ohio law.

FKI further seeks to add more allegations of post-litigation conduct, including allegations that Valley Forge was in bad faith when it filed its summary judgment motion and when it served discovery.  (FKI's Proposed Amendment, ¶¶ 182, 190-192.)  FKI also seeks to add allegations regarding Valley Forge's alleged failure to engage in meaningful settlement negotiations.  (*Id*., ¶¶ 189, 193, 195.).  For the reasons set for in Valley Forge's Motion to Dismiss and Reply, these additional allegations are equally futile.

Lastly, FKI's proposed amendment supplements its claim for damages by alleging attorneys' fees, costs, internal costs, and loss of investment opportunities in connection with this

declaratory judgment action. (FKI's Proposed Amendment, ¶ 197). For the reasons set forth in this Motion, costs incurred by FKI in responding to this suit are not considered compensatory damages. *See Shimola v. Nationwide Ins. Co.*, 495 N.E.2d 391, 393 (Ohio 1986). FKI also claims damages for costs incurred in filing suit against BFK. (FKI's Proposed Amendment, ¶ 197). However, those costs have no connection with FKI's claim that Valley Forge improperly filed this declaratory judgment action.

### C.    FKI's Proposed Amendment Is Made In Bad Faith

As demonstrated, FKI's bad faith Counterclaim is wholly without factual or legal merit. Moreover, FKI improperly interjected selected, privileged, confidential settlement communications into the record. Simply put, FKI's bad faith Counterclaim was filed to harass Valley Forge, increase Valley Forge's litigation costs in this case, and attempt to paint Valley Forge in a bad light through allegations FKI knows are false. FKI's proposed amendment should be denied because it is made in bad faith.

## VIII.  CONCLUSION

FKI has not and cannot meet its pleading burden to establish facts which show that Valley Forge was not reasonably justified in its actions toward FKI. Accordingly, FKI's bad faith tort cause of action, Count VI of FKI's Counterclaim, should be dismissed. Further, FKI's request to amend its bad faith claim should be denied because it is time barred, futile, and made in bad faith.

**WHEREFORE**, for the reasons set forth above, Valley Forge respectfully requests that this Court dismiss Count VI (Bad Faith) of FKI's Counterclaim, pursuant to Rule 12(b)(6), for failure to state a cause of action against Valley Forge.

Dated:        November 30, 2015.

Respectfully submitted,

*/s/Thomas B. Bruns*_____

Thomas B. Bruns (0051212)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre
105 East Fourth Street, Suite 1400
Cincinnati, OH 45202-4035
Phone: 513-665-3500
Fax: 513-618-3503
E-Mail: tbruns@ffalaw.com
and

Kathryn M. Frost (admitted *pro hac vice*)
ELENIUS FROST & WALSH
333 South Wabash Avenue, 25th Floor
Chicago, IL 60604
Telephone: 312-822-2659
Fax: 312-817-2486
E-Mail: Kathryn.Frost@cna.com

**ATTORNEYS FOR VALLEY FORGE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2015, I electronically filed Plaintiff Valley

Forge Insurance Company's Reply In Further Support Of Its Motion To Dismiss Count VI (Bad

Faith) Of Defendant Fisher Klosterman's Inc.'s Counterclaim, with accompanying exhibits, with

the Clerk of the Court by using the CM/ECF system which will send notification of such filing to

all counsel of record.

*/s/Thomas B. Bruns*_____
Thomas B. Bruns (0051212)