# EXHIBIT 11

Plaintiff Valley Forge Insurance Company's Reply in Further Support of its Motion to Dismiss Count VI (Bad Faith) of Defendant Fisher Klosterman, Inc.'s Counterclaim

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, a Pennsylvania Corporation | ) ) ) |
| Plaintiff, | ) Civil Action No.: 1:14-cv-792- MRB ) ) Judge Michael R. Barrett |
| vs. | ) ) |
| FISHER KLOSTERMAN, INC., a Delaware Corporation | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF VALLEY FORGE INSURANCE COMPANY'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO EXTEND DEADLINE TO AMEND COMPLAINT AND REQUEST FOR COURT CONFERENCE TO RESET DEADLINES IN CASE**

### I. INTRODUCTION

This Court stayed discovery in this case on May 20, 2015, until resolution of the discovery disputes between the parties, which remain pending. In light of the stay, Valley Forge Insurance Company has requested that this Court: 1) extend the deadline to file a motion for leave to amend the complaint; and 2) schedule a telephonic conference call to reset the deadlines in the case.

Fisher Klosterman, Inc. ("FKI") opposes Valley Forge's motion on two grounds: 1) that any future amendment to the Complaint would be futile, including adding a cause of action relating to FKI's possible impairment of Valley Forge's potential subrogation rights; and 2) any amendment to the Complaint would prejudice FKI, because it incurred costs in drafting the current pending motions. Both grounds are meritless.

First, Valley Forge has not yet moved to amend its Complaint. Valley Forge only seeks to extend the deadline to file a motion to amend. It is premature to argue that any amendment to the Complaint would be futile.

Second, FKI presents no evidence that it will suffer undue prejudice based on any amendment. FKI's Motion to Dismiss was pending at the time the original deadlines were set in the case. At that time, FKI did not claim it would be prejudiced by any additional amendments to the Complaint. In fact, it was FKI that suggested the original deadline for the motion to amend the Complaint.

FKI offers no valid reason why this Court should deny Valley Forge's Motion. Accordingly, Valley Forge requests that this Court extend the deadline to file a motion for leave to amend the complaint and schedule a telephonic conference call to reset the deadlines in the case.

## II.     IT IS PREMATURE TO ARGUE THAT ANY AMENDMENT TO THE COMPLAINT WOULD BE FUTILE

Valley Forge only seeks to extend the deadline to file a motion to amend based on the fact that this Court has stayed discovery for the last three months, including a stay of any production of documents in the case. Indeed, FKI has not produced a single document in discovery based on the stay. Because it has not received any documents, Valley Forge does not have sufficient information to move to amend its Complaint. However, based on the existence of the Valtech settlement agreement, Valley Forge anticipates that it may have a viable cause of action that FKI impaired Valley Forge's potential subrogation rights. To date, FKI has refused to produce that settlement agreement.

FKI opposes Valley Forge's motion based on futility grounds. (FKI's Opp., pp. 3-7.) Yet, the simple fact is that Valley Forge has not yet moved to amend its Complaint. A ruling

2

that any amendment to the Complaint would be futile when no motion has been made is premature. FKI's claim based on futility on a not-yet-filed motion is not a good faith basis to oppose Valley Forge's Motion to Extend the deadline to move to amend the Complaint.

Further, FKI's recitation of the facts and the law regarding impairment of Valley Forge's potential subrogation rights is wrong. Valley Forge briefly addresses FKI's inaccuracies.

FKI claims that Valley Forge only has subrogation rights for payments made by Valley Forge under the policies. (FKI's Opp., p. 5.) FKI misses the point as to Valley Forge's potential claim. If FKI released any potential rights FKI has or had against Valtech in its settlement agreement, FKI may have impaired Valley Forge's potential subrogation rights in violation of the plain language of the policies. The Valley Forge policies state:

> **8. Transfer Of Rights Of Recovery Against Others To Us**
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. **The insured must do nothing after loss to impair them.** At our request, the insured will bring "suit" or transfer those rights to us to help us enforce those rights.

(Emphasis added). Contrary to FKI's assertion, the policies do not require Valley Forge to actually make an indemnity payment on behalf of FKI before FKI's obligation not to impair Valley Forge's potential subrogation rights is triggered. The triggering mechanism is not the payment, but **after the loss has occurred**.

In the Valero Suit, Valero's alleged loss took place sometime before the filing of its original complaint in August 2010. FKI tendered the Valero Suit to Valley Forge for a defense in September 2010. Although the full contents of the September 30, 2014 Valtech settlement agreement are unknown to Valley Forge, it was clearly executed after any alleged "loss." (*See*

3

Exh. 1.)[1] To the extent that FKI released any rights it had against Valtech, FKI may have impaired Valley Forge's potential rights of subrogation.

Under Ohio law, impairment of an insurer's potential subrogation rights by the insured is presumed prejudicial to the insurer, and this presumption is regardless of whether the insured denied coverage under the policy. *See Ferrando v. Auto-Owners Mutual Ins. Co.*, 781 N.E.2d 927, 929 (Ohio 2002) (insurer is relieved from obligation to provide coverage if insured breached subrogation clause and that breach prejudiced insurer; breach of subrogation provision is "presumed prejudicial to the insurer absent evidence to the contrary"); *Ruby v. Midwestern Indemnity Co.*, 532 N.E.2d 730 (Ohio 1988); *Ballard v. Nationwide Insurance Co.*, No. 11 MA 122; 2013 WL 2456355 (Ohio App. 7 Dist.) (insurers' denial of claim did not constitute waiver of insurer's subrogation rights).

Further, contrary to FKI's assertion, the "make-whole" doctrine is inapplicable when the insured impairs the insurance carrier's potential subrogation rights. *See Hawkins v. True North Energy, LLC,* Nos. 2002-P-0098, 2002-P-0101, 2002-P-0102; 2004 WL 1433699 (Ohio App. 11 Dist.) ("make-whole" doctrine did not apply because insured impaired insurer's subrogation rights).

In short, if FKI released any potential rights it has or had against Valtech in its settlement agreement, it may have impaired Valley Forge's potential subrogation rights in violation of the plain language of the policies. However, to date, Valley Forge has not received the Valtech settlement agreement to confirm the contents of that agreement, nor has Valley Forge had the opportunity to conduct any other discovery in this case because of the stay. Such discovery is necessary before Valley Forge can, in good faith, move this Court to amend its complaint to add

---

[1] Exhibit 1 is the letter FKI provided to this Court enclosing the settlement agreement for *in camera* review. The redactions in the letter provided to Valley Forge were inserted by FKI. Accordingly, Valley Forge does not even know the full title of the agreement.

4

causes of action which are currently unknown. Based on these facts, Valley Forge requests that this Court extend the deadline to move to amend the Complaint.

### III. FKI WILL NOT SUFFER UNDUE PREJUDICE BY EXTENDING THE DEADLINE FOR THE FILING OF A MOTION TO AMEND THE COMPLAINT

FKI claims that it will be unduly prejudiced if the deadline to file a motion to amend the Complaint is granted. (FKI's Opp., pp. 7-9.) However, FKI's only claimed prejudice is that it has incurred costs in briefing its Motion to Dismiss and the summary judgment motions. (*Id.*) The simple fact that FKI incurred costs in briefing motions which are pending does not establish undue prejudice for denying Valley Forge's Motion to Extend the deadline to move to amend the Complaint.

First, at the time the Case Management Order was entered by this Court on February 20, 2015, FKI's Motion to Dismiss was already fully briefed. (Dkt # 14.) Further, the parties and this Court knew that Valley Forge intended to file a summary judgment shortly after the case management conference. (*See* Dkt # 20.) Although FKI was aware of these facts, it was FKI who suggested the original deadline for the motion to amend the Complaint. (*Id.*) Nothing has changed since February 20, 2015. FKI's Motion to Dismiss and the summary judgment motions are still pending. Given that FKI did not object to, and in fact suggested a deadline well after the briefing on the pending motions was complete, it now cannot change course and claim it will be unduly prejudiced by any extension of that deadline.

Second, the Case Management Order contemplated that a certain amount of discovery would have occurred prior to the deadline to amend the complaint. Due to the stay in the case,

discovery has not moved forward. Valley Forge seeks a minimal amount of time so that it can obtain the needed discovery to seek to amend the complaint in good faith.[2]

Third, FKI's claim that Valley Forge has improperly delayed in filing a motion to amend its Complaint is without merit. (*See* FKI's Opp., pp. 7-8.) Although Valley Forge knew of the existence of the Valtech agreement in March 2015, FKI is the party refusing to produce the actual agreement. Valley Forge is not clairvoyant. Valley Forge does not know the contents of the Valtech agreement, other than what was discussed in CECO's 10-K. CECO's 10-K simply states that a "supplier" paid FKI $200,000 in connection with the Valero settlement. Given that Valley Forge does not know if FKI released any rights it had against Valtech in that agreement, Valley Forge cannot rely on CECO's 10-K to support a cause of action against FKI based on impairment of its potential subrogation rights.

In short, FKI has not set forth any basis that it will be duly prejudiced by extending the deadline to move to amend the Complaint. In fact, it is FKI's refusal to produce the Valtech agreement and to produce other discovery in this case that has necessitated the need to extend the deadlines in the case.

## IV.   CONCLUSION

WHEREFORE, for all the forgoing reasons, Valley Forge requests that this Court: 1) extend the deadline to file a motion for leave to amend the complaint; and 2) schedule a telephonic conference call to reset the deadlines in the case.

Dated:        September 3, 2015

---

[2] Contrary to FKI's claim, Valley Forge does not request that the deadline to amend the complaint be moved to the end of fact discovery. (*See* FKI's Opp., p. 9.) FKI further requests that any amendment to the Complaint be limited to adding a claim of impairment of subrogation rights. (*Id*., pp. 1. 9, n. 4.) Such a limitation is unfair and not within the spirit of the Rules of Civil Procedure. To date, Valley Forge has not been allowed to receive any document productions from FKI due to the Court imposed stay. It is unknown what other information is contained in those productions which would support amending the allegations in Valley Forge's Complaint.

6

Respectfully submitted,

*/s/Thomas B. Bruns*
Thomas B. Bruns (0051212)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre
105 East Fourth Street, Suite 1400
Cincinnati, OH 45202-4035
Phone: 513-665-3500
Fax: 513-665-3503
E-Mail: tbruns@ffalaw.com

and

Kathryn M. Frost (admitted *pro hac vice*)
ELENIUS FROST & WALSH
333 South Wabash Avenue, 25th Floor
Chicago, IL 60604
Telephone: 312-822-2659
Fax: 312-817-2486
E-Mail: Kathryn.Frost@cna.com

**ATTORNEYS FOR VALLEY FORGE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2015, I electronically filed Valley Forge Insurance Company's Reply In Further Support Of its Motion to Extend Deadline to Amend Complaint and Request for Court Conference to Reset Deadlines in Case with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/Thomas B. Bruns*
Thomas B. Bruns (0051212)

# EXHIBIT 1

To Valley Forge's Reply in Further Support of Its Motion To Extend Deadline To Amend Complaint and Request For Court Conference To Reset Deadlines In Case

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Carrie Maylor DiCanio, Esq.
cdicanio@andersonkill.com
212-278-1046

**<u>Via Hand Delivery</u>**

May 26, 2015

Hon. Michael R. Barrett
Potter Stewart U.S. Courthouse, Room 239
100 East Fifth Street
Cincinnati, Ohio 45202

      Re: *Valley Forge Ins. Co. v. Fisher Klosterman, Inc.*, Civ.
            Action No. 1:14-cv-00792-MRB (S.D. Ohio)

Dear Judge Barrett:

      This firm represents Fisher Klosterman, Inc. ("FKI") in the above-referenced litigation.

      Pursuant to Your Honor's request, as discussed at the Discovery Conference held May 20, 2015, please find enclosed copies of the following documents:

1. [Redacted] between FKI and Valero Refining-Texas, L.P., Valero Refining Company-Tennessee L.L.C., Valero Refining-New Orleans, L.L.C., Valero Refining Company-New Jersey, and Valero Refining and Marketing Company, dated September 10, 2014, and Amendment No. 1 thereto; and

2. [Redacted] between FKI and Industries Valtech Inc., effective September 30, 2014.

      FKI has obtained the respective parties' written consent for the limited purpose of disclosing the above-referenced agreements to the Court.

      We thank the Court for its consideration. Please do not hesitate to contact me with any questions or concerns.

Very truly yours,

Carrie DiCanio

nydocs1-1049964.1

**Anderson Kill P.C.**

Hon. Michael R. Barrett
May 26, 2015
Page 2

Cc: Darin J. McMullen, Esq. (via e-mail)
Pamela D. Hans, Esq. (via e-mail)
Matthew A. Rich, Esq. (via e-mail)

nydocs1-1049964.1