# EXHIBIT 12

Plaintiff Valley Forge Insurance Company's Reply in Further
Support of its Motion to Dismiss Count VI (Bad Faith) of
Defendant Fisher Klosterman, Inc.'s Counterclaim

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| -v- | ) Civ. Action # 1:14-cv-00792-MRB ) |
| FISHER KLOSTERMAN, INC., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT FISHER KLOSTERMAN, INC.'S MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF VALLEY FORGE INSURANCE COMPANY'S MOTION**
**TO EXTEND DEADLINE TO AMEND COMPLAINT AND REQUEST FOR COURT**
**CONFERENCE TO RESET DEADLINES IN CASE**

Defendant Fisher Klosterman, Inc. ("FKI") respectfully submits this brief in

opposition to Valley Forge Insurance Company's ("Valley Forge") Motion to Extend Deadline to

Amend Complaint and Request for Court Conference to Reset Deadlines in Case (the "Motion").

**I.      Introduction**

The Court should deny Valley Forge's 11th hour attempt to extend the deadline to

file an amended complaint.  Valley Forge's main argument is that it needs to extend the deadline

to amend the complaint so that it can assert what it describes as a potential claim for breach of

the subrogation clause against FKI.  It would be pointless to extend the deadline for Valley Forge

to amend the complaint because any conceivable claim by Valley Forge with regard to

subrogation would be not be legally viable, and therefore would be futile.  The policies only

allow Valley Forge to subrogate for amounts it has actually paid under the policies and Valley

Forge has refused to pay any amounts with respect to the settlement of the Valero Suit.

nydocs1-1053977.4

Valley Forge's proposed claim also fails because the "make-whole" doctrine bars Valley Forge from subrogating against a third-party tortfeasor before FKI has been made whole with respect to the Valero Suit. Because Valley Forge refused to indemnify FKI for the settlement of the Valero Suit and the settlement with Valtech did not fully compensate FKI with respect thereto, Valley Forge presently does not have a valid subrogation claim against Valtech. Indeed, at most Valley Forge predicates its Motion on a wholly speculative, yet legally unsustainable, claim for relief that it wishes to add.

Moreover, any motion by Valley Forge to amend its complaint should be denied because it would prejudice FKI. Valley Forge moved for summary judgment with respect to its claims for implied-in-fact contract, its duty to defend, and its duty to indemnify *over five months ago*. FKI cross-moved with respect to the claims at issue. The pending motions have involved significant time and expense on the part of FKI. Although Valley Forge has admitted that it knew about the settlement between FKI and Valtech in March of this year, it still waited until just days before the August 1, 2015 deadline to move for an extension of the deadline. Valley Forge's inconsistent and dilatory litigation tactics should not be condoned.

It should be noted that while FKI opposes the extension of the deadline to amend the complaint, FKI does not oppose an extension of other deadlines in this action so long as discovery is stayed until decisions are rendered with regard to the pending motion to dismiss and motions for summary judgment. In the alternative, if the Court determines that the deadline to amend the complaint should be extended, FKI requests that the Court limit any potential motions to amend solely to those concerning claims for an alleged impairment of subrogation rights (which FKI will oppose as futile and prejudicial) so that the pending motion to dismiss and motions for summary judgment are not affected or mooted by any such motion.

1

nydocs1-1053977.4

## II.    Relevant Factual and Procedural History

Valley Forge commenced this litigation in an effort to wrongfully to force FKI to forego valuable insurance coverage for which CECO Environmental Corp. (FKI's parent corporation) paid a substantial premium.  Valley Forge seeks declarations concerning its duty to defend and duty to indemnify FKI in *Valero Refining-Texas, L.P., et al. v. Fisher Klosterman, Inc., et al.*, Case # 2010-52532, 127th Judicial District, Harris County, Texas ("Valero Suit"). Valley Forge also unjustifiably seeks to recoup the defense costs it paid to FKI's defense counsel in the Valero Suit, Jones Day, by way of claims for implied in fact contract, implied in law contract, unjust enrichment, and quantum meruit.[1]

On November 21, 2014, FKI moved to dismiss Valley Forge's claims for implied in law contract, unjust enrichment, and quantum meruit. Dkt. #14.  In the alternative, FKI moved to strike allegations concerning FKI's alleged failure to cooperate from those causes of action in the complaint. *Id.*

On January 28, 2015, the parties submitted a Joint Discovery Plan. Dkt. #20. Based on that submission, the Court established the following deadlines in the case:

| | |
|---|---|
| August 1, 2015: | Deadline to file motion to amend complaint; |
| January 15, 2016: | Discovery to be completed; |
| February 15, 2016: | Dispositive motion deadline; |
| June 24, 2016: | Final pre-trial conference; and |
| August 2016: | Bench Trial. |

On February 27, 2015, while FKI's motion to dismiss remained pending and prior to FKI answering the complaint due to FKI's pending motion, Valley Forge moved for summary judgment concerning its duty to defend, duty to indemnify, and its claim for implied in fact contract. Dkt. # 28.

---

[1] For a more detailed recitation of the facts in this case, FKI refers the Court to the facts section of its cross-motion for summary judgment, dated March 30, 2015 (Dkt. # 33).

2

FKI opposed Valley Forge's motion for summary judgment and cross-moved for summary judgment on March 30, 2015. In its reply and opposition to FKI's cross-motion, Valley Forge argued that it needed discovery concerning a settlement between FKI and Valtech, the entity that allegedly manufactured the defective Actchem at issue in the Valero Suit, and that Valley Forge learned of the existence of FKI's settlement with Valtech in March 2015. Dkt. #38 (Valley Forge's Opposition to FKI's Cross-Motion for Summary Judgment at 21).

Subsequent to its filing of the Motion for Summary Judgment, Valley Forge served FKI with two sets of document requests. On March 20, 2015, Valley Forge served FKI with its First Set of Requests. On April 15, 2015, Valley Forge served FKI with a second set of document requests. FKI served its objections to Valley Forge's first set of requests on April 22, 2015. FKI also served its own set of document requests on May 11, 2015.

As a result of a discovery conference with the Court held on May 20, 2015, FKI produced copies of the Valero and Valtech settlement agreements to the Court for *in camera* review in order to determine whether those documents are protected from discovery in this action. The Court ordered that discovery would be stayed until it could complete the review of the settlement agreements.

III.     **Argument**

   A.     **The Court Should Deny Valley Forge's Request to Extend the Time to Move for Leave to File an Amended Complaint Because Valley Forge's Anticipated Amendment Would Be Futile.**

Although leave to amend is liberally granted, it is not unconditional. Indeed, "leave to amend is appropriately denied under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, and futility." *Haley v. City of Akron*, # 13-CV-232, 2015 U.S. Dist. LEXIS 6871, at *5 (N.D. Ohio Jan. 21, 2015) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)). "A court need not grant

3

leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment of a complaint is futile when the proposed amendment would not survive a motion to dismiss. *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

As noted in its brief, Valley Forge is seeking to extend the deadline to amend its complaint to assert additional allegations concerning an alleged "breach of the cooperation clause contained in the Valley Forge policies, including possible impairment of Valley Forge's potential subrogation rights." Br. at 3. Valley Forge's motion to extend the deadline for leave to amend the complaint should be denied because amending the complaint to assert impairment of purported subrogation rights clause would be futile. Valley Forge has no subrogation rights under the plain language of the policy and because of the make-whole doctrine, which precludes an insurance company that has not made its policyholder whole from pursuing subrogation. Thus, Court should reject Valley Forge's attempt to delay proceedings to add a claim that is not cognizable at law. Moreover, allowing an amendment to the complaint *five months* after the parties' cross-motions for summary judgment when Valley Forge knew of the settlement between FKI and Valtech as early as March, would be prejudicial to FKI.[2]

---

[2] It should be noted that under the plain language of the policies at issue here, the duty to cooperate and the duty not to impair subrogation rights are separate and it is clear that any claim for breach of the cooperation clause fails for all of the reasons set forth in FKI's proposed sur-reply in support of its cross-motion for summary judgment. *See* Policies at Sections IV.2.c.(3)-(4) and IV.8 (Declaration of Darin J. McMullen, dated March 30, 2015 at Exs. B-E); Dkt. # 43.

1.    **Any Claim For Potential Subrogation Rights Is Futile Because The Plain Language of the Policy Bars Any Such "Potential" Subrogation Claim.**

Courts first look to the plain language of an insurance policy in deciding whether an insurance company is entitled to subrogation. *See, e.g., Hiney Printing Co. v. Brantner*, 75 F. Supp. 2d 761, 766 (N.D. Ohio 1999); *Cmty. Ins. Co. v. Quintero*, # 00-CV-7665, 2001 U.S. Dist. LEXIS 20137, at *12 (N.D. Ohio Oct. 22, 2001).  Here, FKI's insurance policies provide:

> 8. Transfer of Rights of Recovery Against Others to Us
>
> If the insured has rights to recover **all or any part of any payment we have made under this Coverage Part**, those rights are transferred to us. The Insured must do nothing after loss to impair them. At our request the insured will bring "suit" or transfer those rights to us and help us enforce them.

Policies at IV.8 (McMullen Decl. Exs. B-E ) (emphasis added).

Pursuant to the policies, Valley Forge only has a right to subrogate against third parties for payments *Valley Forge has made* under the policies.  Valley Forge has not made any payments to FKI with respect to the settlement of the Valero Suit and, therefore, has no subrogation rights as related to what FKI paid to settle the Valero claim.  Compl. ¶¶ 118, 159, 168.  Moreover, Valley Forge's assertion that FKI has somehow impaired Valley Forge's purported subrogation rights with regard to defense costs is unfounded and, at most, purely speculative Indeed, FKI has offered on several occasions – including in this litigation -- to transfer or assign its rights against Valtech (and BFK) to Valley Forge, yet Valley Forge has refused to even respond to such proposed assignments.  Valley Forge has chosen not to accept these offers and offers the Court absolutely no basis for its contention that its rights have been impaired.

5

Accordingly, Valley Forge's alleged prospective claim that FKI has allegedly impaired Valley Forge's subrogation rights must fail because, under the policies, Valley Forge has no right to subrogate for amounts it has not paid.

> **2.     The "Make-Whole" Doctrine Bars Valley Forges' Anticipated Additional Allegations as a Matter of Law.**

"The 'make-whole' doctrine provides that "an insurer's subrogation interest will not be given priority where doing so will result in less than full recovery to the insured." *Huron County Bd. of Comm'rs v. Saunders*, 149 Ohio App. 3d 67, 74 (Ohio Ct. App., Huron Cnty. 2002); *Ortiz v. Great So. Fire & Cas. Ins. Co.*, 597 S.W.2d 342, 343 (Tex. 1980) ("An insurer is not entitled to subrogation if the insured's loss is in excess of the amounts recovered from the insurer and the third party causing the loss."). A determination concerning whether the make-whole doctrine applies can be made at the motion to dismiss stage. *See, e.g., Farie v. Jeld-Wen, Inc.*, # 08-cv-1249, 2008 U.S. Dist. LEXIS 88893, at *11 (N.D. Ohio Oct. 31, 2008) (while the Court ultimately ruled that subrogation was available because the policy contained express language that overrode the make-whole doctrine, the Court made that determination at the motion to dismiss stage and ultimately granted the moving party's motion to dismiss as a matter of law).

Here, Valley Forge requests an extension of the now-past deadline to file a motion to amend its complaint. Valley Forge's sole ground for seeking this extension is that it "anticipates" that discovery will "further [sic] FKI's breach of the cooperation clause . . . including possible impairment of Valley Forge's potential subrogation rights." Br. at 3. However, Valley Forge has no viable subrogation claim because FKI has not been made whole with respect to the settlement of the Valero Suit. Valley Forge has refused to indemnify FKI for the settlement with Valero. Moreover, FKI's out-of-court settlement with Valtech did not make

6

FKI whole with respect to the Valero Suit. Accordingly, under Ohio law, Valley Forge has no claim for subrogation against Valtech or any other third party until FKI is made whole for the Valero settlement.[3]

Additionally, because Valley Forge denied coverage for the underlying case prior to FKI's settlement, FKI had no duty to protect Valley Forge's subrogation rights. *See* 3-20 Appleman on Insurance § 20.05[4][b][iv]. Thus, in light of the foregoing, Valley Forge's anticipated amended complaint would be futile and its request for an extension to file same should be denied.

**B.**    **Extending the Deadline for Valley Forge to Move for Leave to Amend Its Complaint Would Unduly Prejudice FKI at this Juncture in the Litigation, Especially Considering Valley Forge Filed a Motion for Summary Judgment Based on Its Current Complaint Over Five Months Ago.**

Valley Forge argues that it needs to extend the deadline to amend its complaint to assert additional allegations concerning "possible impairment of Valley Forge's potential subrogation rights." Br. at 3. Valley Forge has admitted that it knew of FKI's settlement with Valtech as early as March 2015. Valley Forge's Opposition to FKI's Cross-Motion for Summary Judgment at 21. Yet Valley Forge still moved for summary judgment on its claims for implied-in-fact contract, the duty to defend, and the duty to indemnify, and waited until just days before the deadline to move for leave to amend the complaint before seeking leave from the Court to extend the deadline. If Valley Forge's request is granted, it would result in substantial waste of time and resources for FKI. Thus, Valley Forge's motion should be denied because allowing Valley Forge to amend the complaint would unduly prejudice FKI.

---

[3] Valley Forge also maintains that it anticipates supplementing the allegations in its Complaint as to FKI's alleged breach of the duty to cooperate. Br. at 3. As established in FKI's Sur-Reply Brief (Dkt. # 43-1), Valley Forge similarly has no claim for breach of the duty to cooperate under Ohio law. Further, even assuming *arguendo* that Valley Forge does have such a claim, its Complaint already includes allegations concerning an alleged breach of the duty to cooperate. Compl. ¶142.

7

"To deny a motion for leave to amend, a district court . . . must determine whether the amendment will cause significant prejudice to the nonmoving party." *Westerfield v. United States*, # 07-CV-3518, 2013 U.S. Dist. LEXIS 104973, at \*7 (N.D. Ohio July 26, 2013) (citing *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999). "[W]hen an amendment is sought at a late stage in the litigation, there is an increased burden to show justification on the part of the party requesting the amendment." *Id.* Courts will not hesitate to deny motions to amend while summary judgment motions are pending. *See, e.g., Szoke v. UPS of Am., Inc.*, 398 Fed. Appx. 145, 153 (6th Cir. Ohio 2010) (affirming trial court denial of motion to amend, in part because "not only was a summary judgment motion pending, but the district court already had granted a prior motion for partial summary judgment"); *Sierra Club v. Pena*, 915 F. Supp. 1381, 1387 (N.D. Ohio 1996) (denying motion to amend noting that "if the Court permits amendment of Plaintiffs' complaint at this late juncture, when four motions for summary judgment are pending, the ultimate disposition of the case could be delayed at significant cost to Defendants").

Here, Valley Forge is seeking to extend the deadline to amend its complaint to assert additional allegations concerning an alleged "breach of the cooperation clause contained in the Valley Forge policies, including possible impairment of Valley Forge's potential subrogation rights." Br. at 3. In addition to the futility of the claim Valley Forge seeks to add, the amendment of the Complaint at this time would also result in undue prejudice to FKI.

First, Valley Forge has been aware of the Valtech-FKI settlement agreement since March 2015, over five months ago, and before its summary judgment motion was even fully briefed. Yet Valley Forge only now asserts a need to amend its complaint to assert a subrogation claim. Br. at 3. Valley Forge's request for an extension to file an amended complaint due to the

8

settlement agreement should not be taken seriously given Valley Forge's delay in seeking to amend.

Second, Valley Forge filed a summary judgment motion based on the current Complaint, FKI has already filed an opposition and cross motion to Valley Forge's motion for summary judgment, and FKI also has requested leave to file a sur-reply in further support of its cross-motion for summary judgment. To allow Valley Forge to amend its complaint would moot all of the time, effort, and expense FKI has already put into responding to Valley Forge's motion and filing its own cross-motion. Accordingly, Valley Forge's request should be denied.

Finally, in entering its scheduling order, the Court already decided that the deadline to amend pleadings would end August 1, 2015, *well before* discovery is set to close in January 2016. Valley Forge's argument for an extension of the deadline to amend its Complaint until after discovery ends is essentially a motion for reconsideration of the Court's earlier scheduling order, which is subject to a higher standard of review, and the type of relief that courts generally deny absent clear error. Accordingly, given the tactics Valley Forge has already utilized in this litigation to drive up costs for FKI and to avoid any attempt to resolve the case, FKI will be prejudiced if the Court allows Valley Forge more time to amend its Complaint.[4]

## IV.    Conclusion

For all of the reasons set forth herein, FKI respectfully requests that the Court deny Valley Forge's motion to extend the time to file an amended complaint. FKI does not oppose Valley Forge's request to extend the other deadlines pending in this litigation so long as

---

[4] If the Court does grant Valley Forge leave to Amend, FKI requests that any such amendment be allowed only after disposition of the currently pending Motion to Dismiss and Motions for Summary Judgment and the amendment be strictly for the purpose of adding the purported claim on impairment of subrogation rights. Valley Forge should not be allowed to freely amend its Complaint to moot the Motion to Dismiss that has been ripe for several months. Valley Forge had 21 days after the November 21, 2014, filing of FKI's Motion to Dismiss to amend as of right and failed to do so. Eight months have since passed and justice simply does not require the allowance of amendment at this time.

9

nydocs1-1053977.4

discovery is stayed until the Court renders decisions on the pending motion to dismiss and

motions for summary judgment.


Dated:   August 24, 2015

By:   */s/ Matthew A. Rich*
      Matthew A. Rich, Esq. (0077995)
      KATZ TELLER
      255 East Fifth Street, 24th Floor
      Cincinnati, Ohio  45202
      Telephone: (513) 977-3475
      mrich@katzteller.com

      Darin J. McMullen, Esq.
      Pamela D. Hans, Esq.
      ANDERSON KILL P.C.
      1600 Market Street, Suite 2500
      Philadelphia, PA  19103
      Telephone:  (267) 216-2700
      phans@andersonkill.com
      dmcmullen@andersonkill.com

      Carrie Maylor DiCanio, Esq.
      ANDERSON KILL P.C.
      1251 Avenue of the Americas
      New York, New York 10020
      Telephone: (212) 278-1046
      cdicanio@andersonkill.com

      *Attorneys for Defendant*
      *FISHER KLOSTERMAN, INC.*

10

nydocs1-1053977.4

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2015 the foregoing document was

electronically filed with the Clerk of the Court using the ECF system, which will send

notification of such filing to counsel of record registered to receive electronic service to:

Kathryn M. Frost
Elenius Frost & Walsh
333 South Wabash Avenue
25th Floor
Chicago, IL 60604
Email: kathryn.frost@cna.com

Thomas B. Bruns
Freund Freeze & Arnold - 1
Fourth & Walnut Centre
105 E Fourth Street
Suite 1400
Cincinnati, OH 45202-4009
Email: tbruns@ffalaw.com

_/s/ Matthew A. Rich_____
Matthew A. Rich (007995)

11

nydocs1-1053977.4