UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALLEY FORCE INSURANCE COMPANY, | Case No.: 1:14-cv-792 |
| Plaintiffs, | Judge Michael R. Barrett |
| v. | |
| FISHER KLOSTERMAN, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Fisher Klosterman, Inc.'s Motion to Strike, or in the Alternative, for Leave to File a Surreply Brief in Support of its Opposition to Plaintiff's Motion for Summary Judgment and in Further Support of Defendant's Cross-Motion for Summary Judgment. (Doc. 43). Plaintiff Valley Forge Insurance Company has filed a response in opposition (Doc. 44) and Defendant Fisher Klosterman, Inc. has filed a reply (Doc. 46).

In the motion, FKI's moves to have the Court disregard two purportedly new arguments raised in Valley Forge's "Reply in Further Support of Its Motion for Summary Judgment on the Duty to Defend, Duty to Indemnify and Reimbursement of Defense Costs Based on Implied Contract in Fact and Opposition to Fisher Klosterman, Inc.'s Cross-Motion for Summary Judgment as to the Duty to Defend" (Doc. 41). The first argument concerns FKI's alleged breach of its duty to cooperate under the insurance policies. The second argument concerns FKI's "principal office" listed on certain records with the Kentucky Secretary of State. In the alternative to disregarding the arguments, FKI seeks to file a surreply to Valley Forge's motion for summary judgment. For the reasons set forth below, FKI's motion is denied in part.

1

FKI filed a cross-motion for summary judgment in which it argued for summary judgment in its favor on Valley Forge's duty to defend and also argued that Texas law should apply rather than Ohio law under Ohio's choice of law provisions.  In its reply and opposition brief (Doc. 41), Valley Forge responded to those arguments through (1) its contention that summary judgment in FKI's favor was not appropriate because, among other reasons, there still is discovery needed on FKI's duty to cooperate, and (2) its contention that Ohio law, rather than Texas law, was applicable under Ohio's choice of law provisions, pointing to records suggesting that FKI's principal place of business was in Ohio.  FKI thus could reply to those arguments through a reply brief in support of its cross-motion for summary judgment without the need for leave of court, and a surreply is not necessary to address those issues.  For the same reasons, it is unnecessary to disregard the arguments made in Valley Forge's brief.

Accordingly, FKI's motion is **DENIED IN PART** and **GRANTED IN PART**.  The motion is denied to the extent it seeks to have the Court disregard portions of the brief or to file a surreply to Valley Forge's motion for summary judgment, but is granted to the extent that it seeks to have the Court consider the attached brief as a reply in support of FKI's cross-motion for summary judgment.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT