UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, a Pennsylvania Corporation <br><br> Plaintiff, <br><br> vs. <br><br> FISHER KLOSTERMAN, INC., a Delaware Corporation <br><br> Defendant. | Civil Action No.: 1:14-cv-792- MRB <br><br> Judge Michael R. Barrett |

## STIPULATED AMENDED PROTECTIVE ORDER

### I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c)(1), the provisions of this Stipulated Amended Protective Order ("Order") are as follows:

### II.   SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets; non-public research and development; commercial or financial information; communications regarding the defense and settlement of the Valero Suit; information as to business operations and contracts which contain proprietary commercial or financial information; and proprietary development of contracts with other entities, the disclosure of which might adversely affect the Designating Party's competitive position in its business operations or other interests outside the scope of this action, and/or its interests with respect to the underlying action.

Further, the parties may be required to produce information which was produced in the lawsuit entitled *Valero Refining-Texas, L.P., et al. v. Fisher Klosterman, Inc, et al.*, Cause No.

2010-52532, 127th Judicial District, Harris County, Texas ("Valero Suit") which was subject to a protective order in that case. To the extent that information produced in the Valero Suit was subject to a protective order entered in the Valero Suit, that information is subject to the protections set forth in this Order.

    A.    Scope: This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential" consistent with the terms of this Order (hereinafter, "Confidential Information"). Notwithstanding the foregoing, all information produced in this case that was produced in the Valero Suit and subject to a protective order entered in that suit is designated as "Confidential" consistent with the terms of this Order and the parties shall not challenge such designations made by non-Fisher Klosterman, Inc. entities.

"Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

    B.    Application to Non-Parties: Before a non-party or non-party representative is given copies of information designated as Confidential, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this

2

action must resolve, through good faith negotiations or motion practice, any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

C. Timing and Provisional Protection: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree in writing at any time to different timelines of provisional protection of information as Confidential. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. Manner of Designation: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. The Designating Party shall stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image.

## III. CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written

3

notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## IV. LIMITED ACCESS/USE OF PROTECTED INFORMATION

A. Restricted Use: Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, and or any reinsurance matter relating to the underlying claims which are the subject of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information so that the Designating Party may, at its own expense, move to quash and/or otherwise limit the subpoena. Any use or disclosure of Confidential Information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

B. <u>Access to "Confidential" Information:</u> The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. Outside counsel employed by the Receiving Party to assist in the litigation; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with this action, and which individuals have been advised of their obligations hereunder;

2. Such officers and employees of the Receiving Party, including in-house counsel, as outside counsel for that party deems necessary in connection with this action, and which individuals have been advised of their obligations hereunder;

3. Any outside consultant, investigator or expert who is assisting counsel or a party to the proceeding and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this action, and which individuals have been advised of their obligations hereunder;

4. The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this action;

5. Stenographic employees and court reporters recording or transcribing testimony relating to this action;

6. Deponents including their counsel, in this action, and which individuals have been advised of their obligations hereunder;

7. Any person whom a party's attorney believes may be called to give testimony at any stage of this action on matters relating to Confidential Information (provided, however, that all documents and copies thereof shall be returned by the potential witness and/or his or her attorney to the party or its attorney upon final resolution of this action and provided that, such individuals have been advised of their obligations hereunder);

8. Any person necessary to authenticate or establish an evidentiary basis or foundation for admissibility of any document designated as Confidential Information;

9. Any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any party or its counsel is contractually or legally obligated to make such disclosure;

10. Any other person agreed to by the parties; and

11. It shall be the responsibility of counsel providing such access to provide to each recipient described above, other than those identified in IV. B. 4, a copy of this Order. A copy of this Order shall be delivered to each of the named parties and to each person, other than court personnel as identified in IV. B. 4, to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. Each person to whom disclosure is made, shall consent to be bound by the terms of this Order.

C. <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or

6

is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

V.    **CLAW-BACK REQUESTS**

    A.    <u>Inadvertent Failure to Designate Documents Confidential:</u> Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided herein, may be so designated by the party asserting the designation by written notice to counsel for the Receiving Party identifying the document or information as Confidential Information. The Producing Party must produce substitute information that redacts the information subject to the claimed protection and provide an explanation as to why the document or information should be treated as Confidential Information within twenty-one (21) days following the discovery that the document or information has been inadvertently produced without such designation. After receiving that explanation, to the extent the Receiving Party disputes the designation, the Receiving Party may engage in the dispute resolution process included in Section III above. However, the failure of any Receiving Party to challenge a designation or re-designation does not constitute a concession that the designation or re-designation is proper or an admission that the designated information is otherwise competent, relevant, or material. If the Receiving Party elects not to dispute the re-designation at the time the Producing Party provides the written explanation, the Receiving Party shall certify that it has destroyed such copies so that the Designating Party may supply new, appropriately-marked copies.

B.  <u>Inadvertent Production of Privileged Information:</u> If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, trial-preparation privileges, or other applicable privilege, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the Producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

## VI. DURATION/CONTINUED RESTRICTIONS

A.  <u>Handling of Designated Information Upon Conclusion of Action:</u> Upon the conclusion of this action, including any appeals related thereto and at the written request and option of the Designating Party, all Confidential Information and any and all copies thereof shall be returned within sixty (60) calendar days to the Designating Party. In the alternative, the Receiving Party may elect to destroy all copies of such Confidential Information and certify that such Confidential Information was destroyed or maintain copies of such materials as confidential until the time of their destruction.

B.  <u>Continued Restrictions Under this Order:</u> The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VII. CONFIDENTIAL INFORMATION FILED WITH OR INTRODUCED IN COURT

In the event that any Receiving Party files or submits to the Court any pleading or other paper containing or disclosing Confidential Information, or introduces Confidential Information in evidence at trial or at any hearing in this action, then the Receiving Party shall file any such pleading or other paper under seal pursuant to S.D. Ohio Civ. R. 5.2.1(a).

## VIII. MISCELLANEOUS.

A.  This Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as appropriate under the Federal Rules of Civil Procedure and Local Rules.

B.  Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts, testimony, or documents revealed in the course of disclosure.

C.  Detailed extracts or summaries that quote from or reveal Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

**BY THE PARTIES:**

VALLEY FORGE INSURANCE COMPANY:

Name: _[signature]_

Dated: 3/17/16

FISHER KLOSTERMAN, INC.:

Name: Carrie Maylor DiCanio Esq

Dated: 3/17/16

**BY THE COURT:**

Dated: 4/8/16

s/ Michael R. Barrett
Michael R. Barrett
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, a Pennsylvania Corporation )<br><br>Plaintiff,<br><br>vs.<br><br>FISHER KLOSTERMAN, INC., a Delaware Corporation<br><br>Defendant. | )<br>)<br>) Civil Action No.: 1:14-cv-792- MRB<br>)<br>) Judge Michael R. Barrett<br>)<br>)<br>)<br>)<br>)<br>) |

## AGREEMENT TO BE BOUND BY STIPULATED AMENDED PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the Stipulated Amended Protective Order in this matter ("Order"). The undersigned further agrees he/she (i) is bound under the Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Order, including enforcement of its terms.

Dated:_____

_____
Name