**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VALLEY FORGE INSURANCE  )
COMPANY,                 )
                         )
      Plaintiff,    )
                         )
    -v-              )   Civ. Action # 1:14-cv-00792-MRB
                         )
FISHER KLOSTERMAN, INC., )
                         )
      Defendant.   )
                         )

<u>**NOTICE OF SUBPOENA**</u>

    PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 45, the attached

subpoena will be served on Fireman's Fund Insurance Company.

Dated:  June 1, 2017

        By:  */s/ Matthew A. Rich*
           Matthew A. Rich, Esq. (0077995)
           KATZ TELLER
           255 East Fifth Street, 24th Floor
           Cincinnati, Ohio  45202
           Telephone: (513) 977-3475
           mrich@katzteller.com

           Pamela D. Hans, Esq.
           ANDERSON KILL P.C.
           1760 Market Street, Suite 600
           Philadelphia, PA  19103
           Telephone:  (267) 216-2700
           phans@andersonkill.com

           Carrie Maylor DiCanio, Esq.
           ANDERSON KILL P.C.
           1251 Avenue of the Americas
           New York, New York 10020
           Telephone: (212) 278-1046
           cdicanio@andersonkill.com

           *Attorneys for Defendant*
           *FISHER KLOSTERMAN, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2017, the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record registered to receive electronic service to:

Kathryn M. Frost
Elenius Frost & Walsh
333 South Wabash Avenue
25th Floor
Chicago, IL 60604
Email: kathryn.frost@cna.com

Thomas B. Bruns
BRUNS, CONNELL, VOLLMAR & ARMSTRONG, LLC
4750 Ashwood Drive, Suite 200
Cincinnati, OH 45241
Telephone: 513-312-9890
Fax: 513-800-1263
Email: tbruns@bcvalaw.com

_/s/ Matthew A. Rich_____
Matthew A. Rich, Esq. (0077995)

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | | |
|---|---|---|
| Valley Forge Insurance Company | ) | |
| *Plaintiff* | ) | Civil Action No.   1:14-cv-00792 MRB |
| v. | ) | |
| Fisher Klosterman, Inc. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Fireman's Fund Insurance Company, c/o CT Corporation System,
818 West 7th Street, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A Attached

| Place: Anderson Kill P.C.<br>355 South Grand Avenue<br>Los Angeles, CA 90071 | Date and Time:<br><br>06/19/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/01/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Matthew A. Rich |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Fisher Klosterman, Inc. , who issues or requests this subpoena, are:
Matthew A. Rich, Esq., Katz Teller, 255 East Fifth St., 24th Floor, Cincinatti, Ohio 45202-4724, (513)977-3475

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:14-cv-00792 MRB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.     The recipient of this Notice to Produce is requested to produce all Documents known or available to You, wherever located, described below, regardless of whether the Documents are possessed directly by You, or by your agents, employees, representatives, or investigators, or by your present or former attorneys or their agents, employees, representatives or investigators, or by any other person or legal entity controlled by or in any other manner affiliated with You.

2.     This Notice to Produce seeks production of the requested Documents in their entirety, without abbreviation, redaction, modification or expurgation, including all attachments or other matters affixed thereto.

3.     Any copy of a Document that varies in any way from the original or from any other copy of the Document, whether by reason of any handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such Document is within Your possession, custody or control.

4.     Each Document requested is to be produced in its original file folder, jacket, or cover, and the specific Person from whose files the Document is being produced is to be indicated.

5.     If a Document is withheld by reason of a claim of privilege or other purported ground of non-production, You shall submit, in lieu of each such Document, a written statement that: (a) specifies the privilege claimed or other asserted ground of non-production; (b) identifies the type of document (e.g., letter, memorandum); (c) identifies the Person(s) who

authored the Document and the Person(s) to whom the Document was sent or disclosed; (d) identifies every Person who has seen or had possession of the Document; (e) specifies the date(s) on which the Document was prepared, received, and/or transmitted by the Recipient; and (f) describes the subject matter and content of the Document sufficient to identify it.

6.     If any Document requested herein was formerly in Your possession, custody or control and has been lost or destroyed, the Recipient shall submit a written statement that (a) describes in detail the nature of the Document and its contents; (b) identifies the Person(s) who authored the Document and the Person(s) to whom the Document was sent or disclosed; (c) specifies the date(s) on which the Document was lost or destroyed and, if the Document was destroyed, the circumstances of and reasons for the destruction and the Person(s) requesting and performing the destruction; and (d) identifies all Persons with knowledge of any portion of the contents of the Document.

7.     This Notice to Produce shall be deemed continuing, and any responsive Documents obtained or located by the Recipient after the date of production pursuant hereto are to be produced forthwith, or, if not produced by reason of a claim of privilege or other purported ground of non-production, identified as specified above.

## **DEFINITIONS**

The following definitions apply to all Requests set forth below unless otherwise indicated:

1.     "You" and "Your" means "Fireman's Fund", as defined herein.

2

2.　　"FKI" means Fisher Klosterman, Inc., Defendant in the above-captioned action, its parent company and any and all subsidiaries of its parent company, including CECO Environmental Corp., The Kirk & Blum Manufacturing Company, and any and all predecessors-in-interest, successors-in-interest, directors, officers, employees, agents, representatives and others of any kind acting on its behalf or under its control that are known to You.

3.　　"Valley Forge" means Valley Forge Insurance Company, Plaintiff in the above-captioned action, its parent company and any and all subsidiaries thereof, including Continental Casualty Company ("CNA") and any and all predecessors-in-interest, successors-in-interest, directors, officers, employees, agents, representatives and others of any kind acting on its behalf or under its control, including but not limited to claim handler Jonathan Domante.

4.　　"Admiral" means Admiral Insurance Corporation, its parent company and any and all subsidiaries thereof, including any and all predecessors-in-interest, successors-in-interest, directors, officers, employees, agents, representatives and others of any kind acting on its behalf or under its control that are known to You.

5.　　"Fireman's Fund" means Fireman's Fund Insurance Company, its parent company and any and all subsidiaries thereof, including any and all predecessors-in-interest, successors-in-interest, directors, officers, employees, agents, representatives and others of any kind acting on its behalf or under its control that are known to You.

6.　　"Elenius Frost & Walsh" means the law firm Elenius Frost & Walsh, located at 333 South Wabash Avenue, 25th Floor, Chicago, Illinois, including any and all predecessors-in-interest, successors-in-interest, directors, officers, employees, agents,

3

representatives and others of any kind acting on its behalf or under its control that are known to You, including but not limited to attorney Kathryn Frost.

7.      "Valero Suit" means the lawsuit styled *Valero Refining-Texas, L.P., et al. v. Fisher Klosterman, Inc., et al.,* Cause No. 2010-52532, 127th Judicial District, Harris County, Texas.

8.      "Coverage Suit" means the above-captioned lawsuit.

9.      "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and includes, without limitation, all information in written, recorded, graphic or electronic form, including but not limited to writings, drawings, graphs, charts, photographs, tapes, recordings, e-mails, computer records, computer diaries, or videotapes.

## DOCUMENT REQUESTS

The document requests are limited to documents that You received between August 2010 and the present.

All Communications and Documents that You received from Brian Frankl, Jonathan Domante, Kathryn Frost, and/or Elenius Frost & Walsh, and/or any person purporting to act on behalf of Valley Forge and/or CNA, which documents relate or refer to the Valero Suit, the Coverage Suit and/or FKI.

4

nydocs1-1089031.1